**PENNSYLVANIA STATE POLICE, Petitioner**

v.

**PENNSYLVANIA STATE TROOPERS ASSOCIATION, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Dec. 11, 2003.

Decided Jan. 8, 2004.

Lisa K. Essman, Harrisburg, for petitioner.

Gary M. Lightman, Harrisburg, for respondent.

BEFORE: LEADBETTER, Judge, LEAVITT, Judge, and JIULIANTE, Senior Judge.

OPINION BY JUDGE LEADBETTER.

The Pennsylvania State Police (PSP) appeal from an arbitration award sustaining the grievance filed by the Pennsylvania State Troopers Association and holding in pertinent part that PSP lacked just cause to transfer a trooper out of a specialized position. Accordingly, the arbitrator ordered Trooper Styers reinstated to his specialized position and compensated for any loss of benefits. On appeal, PSP argues that the arbitrator exceeded his power and jurisdiction because the transfer or removal of members from specialized positions is a protected managerial prerogative and unrestricted by the collective bargaining agreement between the parties. Because these arguments do not assert grounds for reversal within the confines of our restricted scope of review, we affirm.

Trooper Styers held a specialized position within PSP's Aviation Division of the Bureau of Emergency and Special Operations (BESO). Styers was transferred from his specialized position in the early part of 2000 and given the opportunity to choose which troop to join. The Association grieved Styers's transfer out of BESO and the matter proceeded to a hearing before the arbitrator.[1] The first issue addressed by the arbitrator was the arbitrability of the transfer. The arbitrator concluded that, while PSP had the right to make non-disciplinary transfers from specialized positions without arbitral review, the transfer in question constituted discipline,[2] and under the CBA, all matters of discipline may be grieved.[3] In reaching this conclusion, the arbitrator examined prior arbitration decisions resolving grievances filed over the removal of members from specialized positions. PSP appealed from the holding that the grievance was arbitrable. However, we concluded that the appeal was interlocutory and quashed and remanded for the arbitration process to be completed. *Pennsylvania State Police v. Pennsylvania State Troopers Ass'n* (Pa.Cmwlth. No. 2943 C.D.2001, filed July 24, 2002). At the hearing following our remand, PSP did not present evidence of just cause for the transfer; rather it again argued that the transfer did not constitute discipline and, therefore, the matter was not arbitrable. The arbitrator concluded that he could not

---

1. The Association originally also grieved the transfer of Corporal Mannion out of BESO. However, the arbitrator's decision regarding Mannion is not presently before us.

2. The arbitrator defined discipline as an action that (1) results in an adverse personnel consequence, and (2) is in response to willful behavior deemed undesirable by employer. The arbitrator then concluded that the transfer resulted in an adverse personnel consequence because Styers had to go through a rigorous selection process to obtain the position and he held the position for more than six years. The arbitrator also found that removal from a specialized position carried a stigma of failure and implied the transferee was deficient to some degree. The arbitrator

further found that the transfer was the result of undesirable willful conduct based upon Captain Garofalo's testimony that he was concerned with Styers's negative attitude, which he believed constituted a danger to BESO's operations. Although Garofalo testified that the transfer was not disciplinary and there was no evidence of formal disciplinary action preceding the transfer, the arbitrator found that in order for an employer to be aware of an employee's negative attitude, the employee's attitude must have been reflected in or evidenced by some undesirable conduct.

3. The CBA provides that "all matters of discipline" are grievable. Arbitrator's opinion and award regarding arbitrability at 5 (November 28, 2001).

reconsider his first opinion and award and that in the absence of any just cause supporting the transfer, Styers was entitled to be reinstated and made whole for any loss of benefits. The present appeal followed.

██ On appeal, PSP argues that the CBA does not address nor restrict the removal of members from specialized positions and, therefore, it is a matter of managerial prerogative not subject to arbitral review.[4] According to PSP, the arbitrator's award effectively inserts a "for cause" provision into the CBA, where one was not agreed to nor found in the current CBA. PSP therefore contends that the arbitrator exceeded his power because he added a "for cause" provision to the agreement and he abrogated a well-established managerial prerogative that removals from specialized positions are not subject to the grievance process unless disciplinary in nature. With respect to the latter contention, PSP asserts that there was no evidence of discipline presented in this case.

In response, the Association does not dispute that a non-disciplinary transfer is not subject to arbitration. Rather, it contends that the instant transfer was disciplinary and, therefore, arbitrable under the CBA. The Association further contends that the arbitrator did not add a provision to the CBA but interpreted what is encompassed in the phrase "all matters of discipline."

██ As our Supreme Court has made clear, Act 111[5] and related case law circumscribe our review of Act 111 arbitration awards. *City of Philadelphia v. Fraternal Order of Police, Lodge No. 5*, 564 Pa. 290, 294, 768 A.2d 291, 294 (2001). The scope of our review is limited to nar-

row certiorari, which allows inquiry into only: (1) the jurisdiction of the arbitrator; (2) the regularity of the proceedings; (3) whether the arbitrator exceeded his powers; or (4) deprivation of constitutional rights. *Id.* at 295, 768 A.2d at 294. In this case, the City claims both that the arbitrator exceeded his power and that he lacked jurisdiction. While the *scope* of our review has been repeatedly set forth, the *standard* by which we review an arbitrator's determination of arbitrability, *i.e.* the extent of his jurisdiction and powers, has not been explicitly delineated. Focusing upon the manner in which our court and our Supreme Court have analyzed such claims, however, leads to the inescapable conclusion that a dual standard applies. Where resolution of the issue turns on a pure question of law, or the application of law to undisputed facts, our review is plenary. However, where it depends upon fact-finding or upon interpretation of the collective bargaining agreement, we apply the extreme standard of deference applicable to Act 111 awards; that is, we are bound by the arbitrator's determination of these matters even though we may find them to be incorrect. *See City of Philadelphia* [applying plenary review to the legal question of jurisdiction—whether an issue was encompassed in the demand for arbitration, or could lawfully be raised on the first day of the arbitration hearing— but deferring to the arbitrator's determination that she did not exceed her power based upon her interpretation of the CBA]; *compare City of Pittsburgh v. Fraternal Order of Police Fort Pitt Lodge No. 1*, 764 A.2d 101, 103 (Pa.Cmwlth.2000), *alloc. denied*, 566 Pa. 650, 781 A.2d 148 (2001)

---

**4.** PSP notes that the Association has attempted in the past to negotiate a standard that would only permit removal from a specialized position for cause, however, such a provision has yet to be agreed to at the bargaining table.

**5.** Act of June 24, 1968, P.L. 237, *as amended*, 43 P.S. §§ 217.1–217.10.

[deferential standard] with *Borough of Morrisville v. Morrisville Borough Police Benevolent Ass'n,* 756 A.2d 709 (Pa. Cmwlth.2000), *alloc. denied,* 564 Pa. 738, 766 A.2d 1251 (2001) [independent determination that allocation of pension interest is a managerial prerogative as a matter of law]. In this case it is clear that the arbitrator's determination of arbitrability was based upon both contract interpretation and factual findings, to which this court is bound to defer.

■ With respect to PSP's claim that the arbitrator exceeded his authority,[6] we reject the assertion that the arbitrator added a just cause provision to the CBA. Rather, he interpreted the CBA and prior arbitration awards to permit arbitral review if the transfer was a disciplinary measure, a conclusion with which both sides seem to agree. That the transfer was made for disciplinary reasons was plainly a finding of fact. Because we must defer to these findings, we similarly must conclude that the arbitrator did not exceed his authority in arbitrating the grievance.

■ Our conclusion today is supported by *City of Philadelphia,* a virtually indistinguishable case. In *City of Philadelphia,* the union filed a grievance contending that the number of staff inspectors on the police force had declined over the past few years because the City had failed to schedule the appropriate promotional examination and requested that an exam be scheduled immediately. Prior to the grievance, the City had assigned several captains to perform the work that had previously been performed by staff inspectors. The arbitrator determined that the City's de facto elimination of the rank of staff inspector was a mandatory subject of bargaining because it bore a rational relationship to police duties. In doing so, the arbitrator rejected the City's argument that the general management rights clause in the CBA, which reserved to the City the right to make certain decisions regarding inherent managerial policy, precluded negotiation over the decision to eliminate that position. The arbitrator then ordered the City to bargain over the issue of elimination of the position. The arbitrator also ordered the City to either assign staff inspector functions to staff inspectors or to pay the staff inspector rate to lower ranked employees who were performing staff inspector responsibilities. 564 Pa. at 293–94, 768 A.2d at 293.

According to the Supreme Court, the City argued on appeal that the arbitrator exceeded her authority when she ordered the City to assign staff inspector functions to staff inspectors and when she directed the City to bargain over the decision to eliminate the rank of staff inspector. The City argued to the Court that "the decisions to assign work to certain employees or to eliminate a rank are within its managerial prerogative, and that the arbitrator acted in excess of her powers when she issued an award touching on this area.... [T]he arbitrator should have interpreted this management rights clause as precluding an arbitration award concerning the City's decision to eliminate the rank of

---

6. An arbitration award exceeds the arbitrator's authority if it requires the employer to perform an illegal act or it does not involve legitimate terms or conditions of employment. *City of Philadelphia v. Fraternal Order of Police, Lodge No. 5,* 564 Pa. 290, 299, 768 A.2d 291, 296–97 (2001). *See also Fairview Township v. Fairview Township Police Ass'n,* 795 A.2d 463 (Pa.Cmwlth.2002), *alloc. granted,*

572 Pa. 744, 815 A.2d 1043 (2003). Here, the arbitrator's award clearly did not mandate that PSP carry out an illegal act, and no such claim is asserted by PSP. "Terms and conditions of employment" include compensation, hours, working conditions, retirement, pensions and other benefits. Section 1 of Act 111, 43 P.S. § 217.1; *City of Philadelphia,* 564 Pa. at 299, 768 A.2d at 297.

Staff Inspector." *Id.* at 299–00, 768 A.2d at 297. The Supreme Court disagreed, noting that the arbitrator did not mandate an illegal act and the award concerned the terms and conditions of employment. The Court opined in pertinent part:

> [T]he City's argument is not that the award is unrelated to the terms and conditions of employment. Rather, the City is essentially contending that a proper interpretation of the management rights clause of the CBA and related case law should have led the arbitrator to the conclusion that the City has exclusive authority over these particular terms and conditions of employment. In short, the City argues that the arbitrator misinterpreted the management rights clause and misapplied decisional law. Such an argument, though, is not cognizable within the confines of the narrow certiorari scope of review's definition of an excess of the arbitrator's powers as it is, in effect, an argument that the arbitrator erred as a matter of law.

*Id.* at 300–01, 768 A.2d at 297. *See also Fraternal Order of Police Haas Mem'l Lodge No. 7 v. City of Erie,* 668 A.2d 241 (Pa.Cmwlth.1995). Similarly, PSP essentially contends that it has an unfettered managerial prerogative to direct by way of reassignment its personnel in specialized positions and that a holding to the contrary constitutes a misinterpretation of the CBA. As *City of Philadelphia* makes clear, such an argument is not cognizable within the confines of the narrow certiorari scope of review. 564 Pa. at 301, 768 A.2d at 297.

PSP also argues that the arbitrator exceeded his jurisdiction because the award circumscribes a managerial prerogative. In support of this argument, PSP cites *Borough of Morrisville.* We reject this argument.

This court has held that an arbitrator exceeds his jurisdiction when he addresses issues not submitted to him. *City of Philadelphia v. City of Philadelphia, Fraternal Order of Police, Lodge No. 5,* 717 A.2d 609, 611 (Pa.Cmwlth.1998). We have also held that arbitrators are prohibited from entering awards outside the scope of bargainable issues set forth in Section 1 of Act 111, 43 P.S. § 217.1 (providing that policemen have the right to bargain over terms and conditions of their employment, including compensation, hours, working conditions, retirement, pensions and other benefits). *Borough of Morrisville,* 756 A.2d at 710. Here, on remand, the arbitrator identified the issues before him as:

> 1. Should the Arbitrator reconsider the Award that issued on November 23, 2001 in Styers and Mannion, in which it was held that the underlying grievances were arbitrable?
>
> 2. If the answer to Question #1, above, is in the affirmative, should the Award of November 23, 2001, in Styers and Mannion be vacated?
>
> 3. If the answer to either Question #1 or Question #2, above, is in the negative, did the Commonwealth have "just cause" to transfer Trooper Styers from the Aviation Division of [BESO]? If not, what shall the remedy be?

Arbitrator's opinion and award at 4 (July 15, 2003). Clearly, the propriety of Styers's transfer was submitted to the arbitrator as in the first instance he addressed whether the matter was arbitrable and, after finding that the transfer was disciplinary, determined whether PSP had presented just cause to support the transfer. All matters of discipline are grievable pursuant to the parties' CBA. Thus, we conclude that the arbitrator addressed not only an issue put before him but one which

was arbitrable as well pursuant to the CBA, Act 111 and our caselaw.[7]

Based on the foregoing, we affirm.

### *O R D E R*

AND NOW, this 8th day of January, 2004, the arbitration award sustaining the grievance of Trooper Styers in the above captioned matter is hereby AFFIRMED.

---

7. We also conclude that PSP's reliance on *Borough of Morrisville* is misplaced. As noted above, that case turned upon a pure question of statutory interpretation, and thus no deference was called for. There, an interest arbitration award included a provision that required the Borough of Morrisville to apply all excess interest from the Pennsylvania Municipal Retirement System to members' accounts. The Borough appealed the award, contending that the arbitrator lacked jurisdiction to direct allocation of the excess interest because such was a managerial prerogative. We agreed, noting that the controlling statutory authority clearly provided that allocation of pension interest was the responsibility of the Pennsylvania Municipal Retirement Board, which acted at the direction of the municipalities, and that our prior decisional law provided that the administration of pension funds is not a bargainable issue. 756 A.2d at 710.