**BOROUGH OF ST. CLAIR**

v.

**ST. CLAIR POLICE DEPARTMENT, Appellant.**

Commonwealth Court of Pennsylvania.

Argued March 7, 2011.

Decided July 13, 2011.

---

Anthony M. Caputo, Harrisburg, for appellant.

Edward M. Brennan, Pottsville, for appellee.

BEFORE: McGINLEY, Judge, and COHN JUBELIRER, Judge and LEAVITT, Judge.

OPINION BY Judge McGINLEY.

St. Clair Police Department (Department) appeals the order of the Court of Common Pleas of Schuylkill County (trial

court) which reversed and vacated the disputed portion of an Interest Arbitration Award (Award) entered pursuant to 43 P.S. §§ 217.1–217.10 [1] commonly referred to as "Act 111."

The Borough of St. Clair (Borough) is a political subdivision of the Commonwealth of Pennsylvania. The Department is the exclusive representative of the police employees of the Borough.

On August 24, 2009, an arbitration board modified various provisions of the parties' existing Award, including overtime during unscheduled absences and emergencies. The term of the Award was from January 1, 2008, through December 31, 2011.

Article VIII, Section 3 of the Interest Award provided that overtime would be offered to full-time officers first using a rotating system based on seniority, to fill vacancies during unscheduled absences and emergencies:

Overtime would be defined to be hours worked in excess of eight (8) hours in a day for scheduled eight (8) hour shifts or in excess of ten (10) hours in a day for scheduled ten (10) hours shifts or in excess of forty (40) hours in a work week.

*Overtime shall be offered to full-time officers first, using a rotating seniority system. If no full-time officer accepts the shift, the vacancy may be offered to part-time officers. For purposes of this section, overtime shall mean unscheduled absences that arise after the schedule for full-time and part-time officers has been posted and in emergency situations.*

Absent any emergency situation, no officer shall work in a police capacity for more than sixteen (16) hours in a twenty-four (24) hour period.

Interest Arbitration Award, June 30, 2009, Article VIII, Section 3 at 1; Reproduced Record (R.R.) at 9a (Emphasis added).

On September 17, 2009, the Borough filed a Petition for Review. It alleged that the Award "improperly limits the power of the Mayor of the Borough to control the Chief of Police and the police force and direct a time during which, the place where, and the manner in which the Chief of Police and the police force shall perform their duties as provided by Section 1121 of the Borough Code, 53 P.S. § 46121.[2]" Petition for Review, ¶ 6 at 2.

Specifically, the Borough argued that Section 1121 of the Borough Code, 53 P.S. § 46121, gives the Mayor the statutory right to "have full charge and control of the chief of police and the police force, and he shall direct the time during which, the place where and the manner in which, the chief of police and the police force shall perform their duties...."

The Borough did not dispute that "regularly scheduled overtime" may be a subject of collective bargaining. However, the Borough contended that the arbitration board exceeded its jurisdiction and powers because the Award unduly restricted the Mayor's ability to schedule police officers under the unusual circumstances of last minute absences and emergencies.

The Department countered that the overtime provision, which incorporated a rotating system of overtime based on seniority, did not infringe on the Borough's managerial prerogative to determine "if" overtime will be offered. According to the Department the Award merely determined, in advance, the order in which the officers must be called to fill the vacancies, based on full-time/part-time status and ro-

1. Act of June 24, 1968, P.L. 237, No. 111, 43 P.S. §§ 217.1–217.10

2. Act of February 1, 1966, P.L. (1965), *as amended.*

tating seniority; thereby eliminating the chance that overtime would be awarded based on partiality or some other unfair practice.

The Department further argued that an arbitration board had jurisdiction over matters that constitute mandatory subjects of bargaining under Act 111. Those subjects include "the terms and conditions of ... employment, including compensation, hours, working conditions, retirement, pensions and other benefits." Section 1 of Act 111, 43 P.S. § 217.1. According to the Department, nothing in the Award contravened these subjects. The Department further noted that the Pennsylvania Labor Relations Board determined on many occasions that overtime and seniority are mandatory subjects of bargaining.

On July 6, 2010, the trial court reversed and vacated the disputed portion of the Award. The trial court agreed that the disputed language infringed on the Borough's "managerial prerogatives" and undermined the Mayor's exclusive scheduling authority granted by the Borough Code because it "interferes with the statutory right of the Mayor to adjust schedules for Borough police officers." Trial Court Decision, July 6, 2010, at 6. The trial court found that the Award went beyond the parameters of the mandatory subjects of collective bargaining so far as it required that certain officers be given overtime before other officers, specifically full-time officers over part-time officers. The trial court also found that the arbitration board "exceeded its jurisdiction" because it "improperly affected the Mayor's statutory right to have free charge and control of the police department concerning the manner in which and the time the police perform their duties with regard to scheduling of overtime for emergency situations and unscheduled absences." Trial Court Order and Opinion, July 6, 2010, at 4–5.

On appeal, the Department contends that the trial court erred when it vacated the overtime provision. The Department argues that overtime and seniority issues are mandatory subjects of bargaining. Therefore, the trial court erred when it concluded that the arbitration board exceeded its jurisdiction. The Department also contends that the trial court erred when it concluded that the arbitration board exceeded its powers because the Award neither usurped any authority deposited with the Mayor nor the Borough's managerial prerogative to determine if and when overtime was necessary. The Mayor still retained all rights essential for the proper and efficient function of a police force, including the right to determine when overtime was necessary, whether there were enough officers on shift to cover the emergency, whether it was necessary to call off-duty officers, and the number of officers required. The Award simply established a system, in advance, which determined the priority in which the off-duty officers would be offered overtime, and eliminated any potential for favoritism.

 Review of an Act 111 Interest Arbitration Award is limited to narrow certiorari wherein the award may only be reviewed for: (1) jurisdiction; (2) the regularity of the proceedings; (3) excess in the exercise of powers; and (4) deprivations of constitutional rights. *City of Pittsburgh v. Fraternal Order of Police*, 595 Pa. 47, 938 A.2d 225 (2007). This Court's standard of review of an order of the trial court is plenary. *Pennsylvania State Police v. Pennsylvania Troopers Association (Styers)*, 840 A.2d 1059 (Pa. Cmwlth.2004).

 Our Pennsylvania Supreme Court recently set forth the principles this Court must follow when applying the narrow certiorari review in Act 111 cases in

*City of Philadelphia v. International Association of Firefighters, Local 22*, 606 Pa. 447, 473, 999 A.2d 555, 570–571 (2010):

> When reviewing a disputed provision in an Act 111 interest arbitration award, a court should first inquire whether the provision concerns a topic that is subject to the right of collective bargaining, i.e., is rationally related to the terms and conditions of employment. If the topic is so subject, the court should next inquire whether the award also implicates the non-bargainable managerial prerogatives of a public employer. If the award does, the court must then determine whether the award unduly infringes upon the exercise of those managerial responsibilities. If the award does not unduly infringe upon their exercise, the award concerns a subject that lies within the scope of collective bargaining under Section 1, falls within the arbitration board's Act 111 powers, and is confirmable. If, however, the award unduly infringes upon the exercise of managerial responsibilities, then the award concerns a managerial prerogative that lies beyond the scope of collective bargaining, reflects an excess of the board's Act 111 powers and is voidable.

Applying the test enunciated in *City of Philadelphia*, this Court must first determine whether the provision concerns a topic that is rationally related to the terms and conditions of employment. This Court finds that the subjects of seniority and overtime are clearly related to the terms and conditions of employment. *Appeal of Ross Township*, 21 Pa.Cmwlth. 541, 346 A.2d 836 (1975).

 Next the Court must inquire whether the Award implicates the employer's non-bargainable "managerial prerogatives." Non-bargainable "managerial prerogatives" are ones that *substantially outweigh* any impact an issue will have on an employee. *Plumstead Township v. Pennsylvania Labor Relations Board*, 713 A.2d 730 (Pa.Cmwlth.1998) (Emphasis in original). Any regulation which might be considered "essential for the proper and efficient function of a police force may remain subject to municipal management." *Plumstead*, 713 A.2d at 735. It is well settled that a municipality decides *the extent to which* it will provide police coverage and services and that such decisions fall within the municipality's managerial prerogative. *City of Jeannette v. Pennsylvania Labor Relations Board*, 890 A.2d 1154 (Pa.Cmwlth.2006).

Again, the Department does not dispute that the Borough has the right to determine *the extent to which* overtime is necessary, and the Award does not infringe on that right.

This controversy, however, quintessentially involves determining whether it is a "managerial prerogative" to designate *which* Borough police officers will work overtime during an unscheduled absence or emergency.

The Borough argues that the right to choose which officers work overtime, regardless of seniority or full-time/part-time status, is a "managerial prerogative" given the necessity to move quickly to fill the manpower needs of its police department. However, the Borough does not explain how the Award impedes the Borough's necessity to move quickly or what alternate means it would employ to fill the vacancy. It seems that the Borough believes that it may call whomever it wants based on whatever subjective method it chooses.

This Court does not agree that the Borough possesses a "managerial prerogative" to unilaterally select the order or preference in which overtime is offered to the Department's officers during an unsche-

duled absence or emergency. The disputed overtime provision goes to "who" must first be awarded overtime, not whether or when it should be offered.

For officers, the opportunity to work overtime means more income. The Award recognizes this status differential and rewards those full-time officers who have been with the Borough the longest by providing them with the first opportunity to earn more by working more hours. If the Borough needs to "call-out," i.e., contact officers to fill a vacancy, the Award simply provides that the Borough must first call full-time officers, based on rotating seniority[3], before calling part-time officers.

■ The Award does not infringe on the Borough's right to determine if and when overtime is required to fill its manpower needs. It merely institutes a system to determine the order in which officers are contacted to fill those vacancies. This Court is not convinced that the Award affects the Borough's ability to respond to an emergency situation. The Award sets forth the list and order in which the officers must be called based on a common sense system of seniority and employment status and which is free from favoritism and subjective factors that could otherwise result in preferential treatment.

Accordingly, this Court finds that the order in which the Department's officers must be offered overtime, whether or not it relates to an emergency or unscheduled absence, is a subject of collective bargaining. Unilaterally deciding which officers may work overtime during unscheduled absences and emergencies was *not* a non-bargainable "managerial prerogative" of the Borough. Because the arbitration board's overtime provision did not unduly infringe on any "managerial prerogative,"

the arbitration board did not exceed its powers when it entered the disputed portion of the Award.

Applying the narrow standard of review in this Act 111 controversy this Court is convinced that overtime rationally relates to the terms and conditions of employment and that it does not implicate a non-bargainable "managerial prerogative."

For the reasons set forth above, the order of the trial court which vacated a portion of Article VIII, Section 3 of the Interest Arbitration Award, entitled "Overtime" is reversed.

### *ORDER*

AND NOW, this 13th day of July, 2011, the order of the Court of Common Pleas of Schuylkill County in the above-captioned matter is hereby reversed.

---

**3.** Rotating means that the most senior officer may not always be called first, i.e., all full-time officers are called in order of decreasing seniority.