Somerset Borough,                 :
           Appellant           :
                                    :
           v.                    :
                                    :    No. 104 C.D. 2016
Teamsters Local Union No. 205      :    Argued: November 15, 2016


BEFORE:    HONORABLE ANNE E. COVEY, Judge
                HONORABLE JULIA K. HEARTHWAY, Judge
                HONORABLE DAN PELLEGRINI, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                            FILED: December 20, 2016


Somerset Borough (Borough) appeals from the Somerset County Common Pleas Court's (trial court) December 22, 2015 order denying the Borough's Petition to Vacate Labor Arbitration Award (Petition).  The Borough presents three issues for this Court's review: (1) whether the trial court erred by determining that a part-time employee has a legitimate interest in continued employment; (2) whether the trial court erred by concluding that Borough Police Officer Eric Grus (Officer Grus) was discharged; and, (3) whether the trial court abused its discretion by denying the Petition.  After review, we affirm.

On February 26, 2007, the Borough hired Officer Grus as a regular part-time police officer.  Regular part-time police officers are normally scheduled to work thirty-two or more hours a week.  In February, March and April of 2014, Officer Grus was scheduled to work 40 hours per week.  However, on March 20, 2014, the Borough Mayor removed Officer Grus from the then-current schedule, and stopped scheduling him for any police shifts thereafter as a result of an alleged off-duty incident.  On March 21, 2014, Borough Police Chief R.G. Cox sent Officer Grus a

letter informing him that an administrative decision had been made that his services or availability as a part-time officer were no longer required, and that the duration of said administrative action was indefinite.

On March 21, 2014, as Officer Grus' bargaining unit representative under the Collective Bargaining Agreement (CBA) between the Borough and Teamsters Local Union No. 205 (Union), the Union filed a Grievance. By April 1, 2014 letter, the Borough responded that the Grievance was rejected and denied. By April 4, 2014 letter, the Union requested a meeting as the next step in the grievance procedure. By April 8, 2014 letter, the Borough responded again that the Grievance was rejected and denied. By April 11, 2014 letter, the Union rejoined that if the Borough was denying its meeting request, the Union would proceed to binding arbitration. By April 22, 2014 letter, the Union notified the Borough it was proceeding to arbitration.

On July 1, 2015, Arbitrator David Breen, Esquire (Arbitrator) conducted a hearing on the Union's Grievance and on September 8, 2015 awarded Officer Grus immediate reinstatement and directed that he be made whole for any loss of earnings and benefits (Award). The Borough appealed to the trial court which held a hearing on December 21, 2015. On December 22, 2015, the trial court denied the Borough's appeal. The Borough appealed to this Court.

Initially, the trial court applied, and both parties argued, the Uniform Arbitration Act's (UAA)[1] essence test as the appropriate scope of review of the Arbitrator's Award. However, "the proper scope of review is **narrow certiorari**" for an "Act 111[2] grievance arbitration."[3] *Pa. State Police v. Pa. State Troopers' Ass'n,*

---

[1] 42 Pa.C.S. §§ 7301–7320.

[2] Act of June 24, 1968, P.L. 237, No. 111, *as amended*, 43 P.S. §§ 217.1-217.10.

[3] "[T]he UAA essence test is inconsistent with the narrow certiorari scope of review. Thus, as the essence test is inconsistent with the appropriate scope of review, the UAA's provisions

2

656 A.2d 83, 89 (Pa. 1995) (emphasis added). "Under narrow certiorari review, a court considers questions relating to four issues: (1) jurisdiction; (2) the regularity of the proceedings; (3) excess in exercise of powers; and (4) deprivations of constitutional rights." *City of Phila. v. Int'l Ass'n of Firefighters, Local 22,* 999 A.2d 555, 563 (Pa. 2010).

Consequently, the dispute here turns on whether the Arbitrator exceeded his authority or jurisdiction when he granted the Union's grievance, reinstated Officer Grus to regular, part-time employment, and directed the Borough to make Officer Grus whole for any loss of earnings and benefits.

> Under the narrow certiorari standard, **an arbitrator acts in excess of his or her authority when the arbitrator mandates that an illegal act be carried out**. *Appeal of Upper Providence Police* [*Del.*] [*Cnty.*]*, . . .* 526 A.2d 315 ([Pa.] 1987); *see also City of Washington v. Police* [*Dep't*] *of Washington, . . .* 259 A.2d 437 ([Pa.] 1969). In addition, this Court has held that **arbitrators exceed their jurisdiction when they address questions not submitted to them by the parties**. *Marple* [*Twp.*] *v.* [*Del.*] [*Cnty.*] *F.O.P. Lodge 27,* 660 A.2d 211 (Pa. Cmwlth. 1995).

*City of Phila. v. Fraternal Order of Police, Lodge No. 5,* 717 A.2d 609, 610-11 (Pa. Cmwlth. 1998) (emphasis added).

Further,

> [w]hile the *scope* of our review has been repeatedly set forth, the *standard* by which we review an arbitrator's determination of arbitrability, *i.e.* the extent of his jurisdiction and powers, has not been explicitly delineated. Focusing upon the manner in which our [C]ourt and our Supreme Court have analyzed such claims, however, leads to the inescapable conclusion that a dual standard applies. **Where resolution of the issue** turns on a pure question of law, or the application of law to undisputed facts, our review is plenary. However, where it **depends upon fact-**

dictate that it cannot apply." *Pa. State Police v. Pa. State Troopers' Ass'n,* 656 A.2d 83, 89 n.17 (Pa. 1995) (citation omitted).

3

**finding or upon interpretation of the collective bargaining agreement, we apply the extreme standard of deference applicable to Act 111 awards; that is, we are bound by the arbitrator's determination of these matters even though we may find them to be incorrect.** *See City of* [*Phila. v. Fraternal Order of Police, Lodge No. 5,* 768 A.2d 291, 294 (Pa. 2001)] [applying plenary review to the legal question of jurisdiction—whether an issue was encompassed in the demand for arbitration, or could lawfully be raised on the first day of the arbitration hearing—but deferring to the arbitrator's determination that she did not exceed her power based upon her interpretation of the CBA]; *compare City of Pittsburgh v. Fraternal Order of Police Fort Pitt Lodge No. 1,* 764 A.2d 101, 103 (Pa. Cmwlth. 2000) . . . [deferential standard] with *Borough of Morrisville v. Morrisville Borough Police Benevolent Ass'n,* 756 A.2d 709 (Pa. Cmwlth. 2000) . . . [independent determination that allocation of pension interest is a managerial prerogative as a matter of law].

*Pa. State Police v. Pa. State Troopers Ass'n,* 840 A.2d 1059, 1062-63 (Pa. Cmwlth. 2004) (emphasis added).

The Arbitrator's opinion herein makes it clear that, "the [A]rbitrator's determination of arbitrability was based upon both contract interpretation and factual findings, to which this [C]ourt is bound to defer." *Id.* Since the arbitrability issue included whether a part-time officer has a legitimate interest in continued employment and whether Officer Grus was discharged, we must defer to the Arbitrator's findings. Because we must defer to these findings, we similarly must conclude that "the grievance is arbitable[,]" Officer Grus "was a regular part-time employee with a continued expectation of employment" and "the Borough discharged [Officer Grus]" in contravention of the parties' CBA. Arbitrator's Op. at 13-14. Accordingly, the [A]rbitrator did not exceed his authority in arbitrating the grievance.[4]

---

[4] "Although the trial court did not rule on this ground, this Court may affirm a trial court's order on grounds other than those on which the trial court based its decision." *Twp. of Salem v. Miller Penn Dev., LLC,* 142 A.3d 912, 917 n.4 (Pa. Cmwlth. 2016).

4

For all of the above reasons, the trial court's order is affirmed.

_____
ANNE E. COVEY, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Somerset Borough,                           :
                  Appellant                    :
                                  :

            v.                            :
                                  :   No. 104 C.D. 2016
Teamsters Local Union No. 205      :

## O R D E R

AND NOW, this 20th day of December, 2016, the Somerset County Common Pleas Court's December 22, 2015 order is affirmed.

_____
ANNE E. COVEY, Judge