**[J-86-2016] [MO: Justice Todd]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | | |
|---|---|---|
| CITY OF ALLENTOWN | : | No. 24 MAP 2016 |
| | : | |
| | : | Appeal from the Order of the |
| v. | : | Commonwealth Court at No. 1802 CD |
| | : | 2014 dated August 7, 2015 Affirming in |
| | : | part and Reversing in part the Order of |
| INTERNATIONAL ASSOCIATION OF | : | the Lehigh County Court of Common |
| FIRE FIGHTERS LOCAL 302 | : | Pleas, Civil Division, dated September |
| | : | 8, 2014 at Nos. 2013-C-4397 and 2013- |
| -------------------- | : | C-4438. |
| | : | |
| INTERNATIONAL ASSOCIATION OF | : | ARGUED:  September 13, 2016 |
| FIRE FIGHTERS LOCAL 302 | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CITY OF ALLENTOWN | : | |
| | : | |
| | : | |
| APPEAL OF:  INTERNATIONAL | : | |
| ASSOCIATION OF FIRE FIGHTERS | : | |
| LOCAL 302 | : | |

## CONCURRING OPINION

**JUSTICE DOUGHERTY**                    **DECIDED:  March 28, 2017**

I join the learned majority in holding the mandatory shift manning provision constitutes an arbitrable issue and the arbitration panel did not exceed its powers in imposing such a provision in its award.  However, I write to express my concerns with the majority's resolution of the second question on which this Court granted appeal:

> Whether the Commonwealth Court erred when it reversed the trial court and held that an Act 111 arbitration award that set a minimum number of firefighters on duty per shift should be vacated because the number of

firefighters on duty per shift unduly infringes upon the exercise of an employer's managerial responsibilities when there was no evidence of any undue infringement presented to the Act 111 panel?

*City of Allentown v. Int'l Ass'n of Fire Fighters Local 302*, 682 MAL 2015, 2016 WL 7647036 (Pa. Mar. 3, 2016).  The majority rejects the "imposition of a concrete requirement that testimonial or documentary evidence is necessary in all cases to support a claim that a topic unduly infringes on managerial responsibilities."  Majority Opinion, Slip Op. at 12-13, n. 8.  In my view, the presentation and consideration of evidence of undue infringement upon a managerial prerogative is necessary to the resolution of such issue, and I therefore distance myself from the majority's footnote 8.

In 1967, the General Assembly recognized police officers and firefighters are a special class of public employee as they are vital to public safety.  *Twp. of Moon v. Police Officers of the Twp. of Moon*, 498 A.2d 1305, 1311 (Pa. 1985).  This recognition resulted in an amendment to the Pennsylvania Constitution[1] and the passage of Act 111.  *Pa. State Police v. Pa. State Troopers' Ass'n*, 656 A.2d 83, 89 (Pa. 1995).  Police officers and firefighters gave up the ability to strike in exchange for the right to bargain collectively regarding "the terms and conditions of their employment, including compensation, hours, working conditions, retirement, pensions and other benefits," and the settlement of disputes through binding arbitration.  43 P.S. §§217.1, 217.7.  Further Section 7 of Act 111 specifically provides "[n]o appeal [from the arbitration proceedings]

---

[1]  Article III, Section 31 of the Pennsylvania Constitution was amended to allow binding arbitration for the adjustment or settlement of grievances or for collective bargaining between police officers and firefighters and their public employers.  Additionally, an arbitration award constitutes a mandate to the municipality or Commonwealth directing that such administrative or legislative action which is necessary to implement the award be taken.  PA. CONST. ART. III, §31.  *See also* 43 P.S. §217.7(a) (directing Commonwealth and municipal subdivisions to take administrative action or enact legislation where such action is required to implement arbitration award).

shall be allowed to any court." 43 P.S. §217.7. However, in *Washington Arbitration Case*, 259 A.2d 437, 440-41 (Pa. 1969), this Court recognized that review of an Act 111 arbitration award is not entirely precluded, and adopted narrow *certiorari* review.

In the context of Act 111, an arbitration panel must weigh the rights of firefighters and police officers against the unique needs and concerns of the public employer. Unlike the majority, which posits in some instances evidence of undue infringement would be unnecessary because it would be clear a certain subject by its very nature unduly infringes on managerial rights, Majority Opinion, Slip. Op. at 12-13 n.8, I believe it is unlikely such an instance would ever occur because the undue infringement analysis is used to resolve the competing interests which arise when a topic is a mandatory subject of bargaining implicating managerial prerogatives. In my opinion, bare assertions of infringement by the public employer are insufficient. The public employer must demonstrate how its managerial prerogatives are infringed and the impact of the infringement. In short, the public employer must establish the infringement is **undue**. *Borough of Ellwood City v. Pa. Labor Rels. Bd.*, 998 A.2d 589, 600 (Pa. 2010) (emphasis added). My position on this issue is motivated by my concern that the unique constitutional and statutory rights and protections given to police and firefighters under Act 111 must not be unnecessarily eroded by insubstantial claims of managerial prerogative.

The arbitration panel would then be able to weigh the competing interests of the parties in crafting a resolution to the bargaining dispute. Establishment of a record with regard to infringement will also allow reviewing courts employing the narrow *certiorari* standard to determine whether an arbitration panel exceeded it powers without resorting to appellate fact-finding. *See, e.g.*, *Michael G. Lutz Lodge No. 5 v. City of Phila.*, 129 A.3d 1221, 1227 (Pa. 2015) (under narrow *certiorari* review, court may review arbitration

awards only to consider questions concerning: (1) jurisdiction of arbitrators; (2) regularity of proceedings; (3) an excess of arbitrator's power; and (4) deprivation of constitutional rights); *see also* Concurring Opinion, Saylor, C.J., Slip Op. at 3.

The majority asserts prior precedent shows the courts have not always required evidentiary support to resolve claims of undue infringement. Majority Opinion, Slip Op. at 12-13 n.8, *citing Borough of Ellwood City*; *City of Phila. v. Int'l Ass'n of Firefighters, Local 22,* 999 A.2d 555, 572 (Pa. 2010); *Dep't of Corr. v. Pa. State Corr. Officers Ass'n*, 12 A.3d 346, 358 (Pa. 2011); *Borough of Morrisville v. Morrisville Borough Police Benevolent Ass'n*, 756 A.2d. 709, 711 (Pa. Cmwlth. 2000). I respectfully disagree. In my view, this Court's prior decisions involving the undue infringement analysis have been based upon a development of the record. As noted by Chief Justice Saylor in his concurrence, this Court in *Borough of Ellwood City* noted a "case-specific inquiry" is necessary to determine whether an ordinance unduly infringes upon a working condition. Concurring Opinion (Saylor, C.J.) Slip Op. at 5, *quoting Borough of Ellwood City*, 998 A.2d at 602. Additionally, in *City of Philadelphia*, the Court concluded the award unduly infringed upon the city's managerial rights because of the award-specific implementation procedures, not because of the substance of the provision. *Id.* at 5-6, *citing City of Phila.*, 999 A.2d at 572-73. In *Dep't of Corrs.*, the Court relied upon record evidence regarding the litigious nature of inmates and the dangerous nature of work as a corrections officer to conclude "that, in view of this **unique set of circumstances** under which the employees must perform their jobs, litigation protection is a term of employment" for this particular bargaining unit. 12 A.3d at 541. Contrary to the majority's argument, in each of these cases, the Court reached its decision based on the record as developed by the parties regarding the specific factual circumstances and

the implications of the disputed issue.[2]  In my view, requiring evidence of undue infringement upon managerial prerogatives would be a best practice going forward.

Justice Donohue joins this concurring opinion.

---

[2]  The majority's reliance upon *Borough of Morrisville* is unpersuasive as the Commonwealth Court did not conduct an undue infringement analysis.  The court acknowledged bargaining regarding pensions is permissible, but bargaining over the administration of pensions is not permissible.  *Borough of Morrisville*, 756 A.2d at 710, *citing Frackville Borough Police Dep't v. PLRB*, 701 A.2d 632 (Pa. Cmwlth. 1997).  After examining the relevant sections of the Pennsylvania Municipal Retirement Law, 53 P.S. §§881.101 - 881.501, the court concluded the disputed issue was non-bargainable because it fell within the ambit of pension administration.