IN THE COMMONWEALTH COURT OF PENNSYLVANIA

City of Philadelphia,                          :
                          Appellant            :
                                               :
            v.                                 :
                                               :
Fraternal Order of Police,                     :   No. 39 C.D. 2023
Lodge No. 5                                    :   Argued: November 8, 2023


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE LORI A. DUMAS, Judge
           HONORABLE STACY WALLACE, Judge


OPINION BY
JUDGE COVEY                                    FILED:  January 8, 2024


            The City of Philadelphia (City) appeals from the Philadelphia County
Common Pleas Court's (trial court) December 13, 2022 order denying its Petition to
Vacate an Arbitration Award that reinstated City Police Department (Department)
Lieutenant Marc Hayes (Lt. Hayes).  The City presents two issues for this Court's
review: (1) whether this Court should reverse the trial court's order and vacate the
Arbitrator's reinstatement of Lt. Hayes because the Arbitrator exceeded his authority
by reforming the parties' collective bargaining agreement (CBA); and (2) even if the
Arbitrator did not exceed his authority, whether this Court should modify narrow
certiorari review to allow reversal because the Arbitrator's Award failed the
judgment notwithstanding the verdict (JNOV) test or the essence test, or was
repugnant to public policy.  After review, this Court affirms.

On August 13, 2018, Lt. Hayes was responsible for supervising the officers assigned to his squad in the Department's 24th District (24th District). Over the course of that day, Lt. Hayes sent multiple, highly inappropriate messages to two female officers under his supervision - Officer 1 and Officer 2 (collectively, Officers) - including texts with sexually suggestive comments, innuendos, and sexual content, culminating in a graphic, disturbing video depicting bestiality between a woman and a dog.

On October 30, 2018, the City found an anonymous letter in the 24th District Headquarters stating that, during work hours on August 13, 2018, Lt. Hayes "sent videos of beastiality [sic] pornography involving a female and a dog engaged in sexual acts" to two female officers on his squad and that his conduct "should and must be addressed." Reproduced Record (R.R.) at 329a. The City forwarded the letter to its Internal Affairs Division (IAD), which commenced investigations through both its Investigative Support Services team (ISS) and its Equal Employment Opportunity team (EEO). On October 30, 2018, ISS and EEO interviewed both Officers.

On October 31, 2018, Officer 1 was assigned to work in the operations room. Lt. Hayes approached Officer 1 and questioned her in the hallway, asking her whether she still had the video he sent to her. Lt. Hayes told Officer 1 that if she did not have the video, she could say she did not recall anything when interviewed by IAD. Officer 1 told the EEO investigator: "He asked if [I] still had the video. I said no, I didn't have it. He said something along the lines of[,] if you get called up to IAB [sic], you could say you don't recall anything. I told him I wasn't going to lie." R.R. at 479a; *see also* R.R. at 284a, 319a. Lt. Hayes also saw Officer 2 in the hallway on October 31, 2018. After asking her whether she still had the video, Lt. Hayes told Officer 2 that he submitted her name for promotion. According to her statement to the investigators, Officer 2 then told Lt. Hayes that she did not owe him anything.

On July 9, 2020, based on IAD's investigation results, the City filed charges against Lt. Hayes for violating the following provisions of the Department's Disciplinary Code (Disciplinary Code): Section 1-§024-10 (any act, conduct or course of conduct which objectively constitutes sexual harassment); Section 1-§021-10 (any incident, conduct or course of conduct which indicates that an employee has little or no regard for his/her responsibility as a member of the Department); Section 1-§025-10 (on-duty or job-related inappropriate, sexually based communication(s) conveyed in any manner); and Section 8-§003-10 (failure to properly supervise subordinates). After reviewing the charges and the supporting evidence, Department Commissioner Danielle Outlaw (Commissioner Outlaw) determined that Lt. Hayes committed each offense and that his violations warranted dismissal. Commissioner Outlaw directed that, effective July 9, 2020, Lt. Hayes be suspended for 30 days with the intent to dismiss.

On July 13, 2020, Lt. Hayes filed a grievance challenging his employment termination and, on September 25, 2020, the Fraternal Order of Police, Lodge No. 5 (FOP) demanded arbitration pursuant to the Policemen and Firemen Collective Bargaining Act, commonly known as Act 111.[1] The Arbitrator conducted hearings on June 17 and June 22, 2022. On July 22, 2022, the Arbitrator sustained the grievance in part and ordered Lt. Hayes's reinstatement. The Arbitrator agreed that Lt. Hayes violated certain City policies and that his actions were highly inappropriate, but concluded that the City failed to prove sexual harassment and converted his dismissal to a 50-day suspension without pay. The City appealed from the Arbitrator's Award to the trial court. On December 13, 2022, the trial court affirmed the Arbitrator's Award, concluding that the Arbitrator acted within his authority by modifying Lt. Hayes's discipline. The City timely appealed to this

---

[1] Act of June 24, 1968, P.L. 237, *as amended*, 43 P.S. §§ 217.1 - 217.12.

3

Court. On January 12, 2023, the trial court directed the City to file a Concise Statement of Errors Complained of on Appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b) (Rule 1925(b) Statement). On February 1, 2023, the City filed its Rule 1925(b) Statement. On March 9, 2023, the trial court issued its opinion pursuant to Rule 1925(a). On June 8, 2023, the City filed an Application for en banc review (Application). On July 6, 2023, this Court granted the Application.

The City argues that the Arbitrator acted outside his authority under narrow certiorari review because he did not merely misinterpret the CBA, but fully reformed it. Specifically, the City contends that an individual commits sexual harassment under Section 1-§024-10 of the Disciplinary Code if his misconduct "objectively constitutes sexual harassment," R.R. at 177a, i.e., if a reasonable person would deem the conduct to be unwelcome. The City asserts that Lt. Hayes's misconduct objectively constituted sexual harassment; however, the Arbitrator, without any interpretation or even consideration of Section 1-§024-10 of the Disciplinary Code, found that Lt. Hayes did not commit sexual harassment because there was no subjective harassment from the specific perspective of Officers 1 and 2. The City claims that the Arbitrator created a subjective requirement under the Disciplinary Code, which he was not authorized to do. The City also declares that the Arbitrator acted outside his authority because the determination of the Department's sexual harassment policy is an inherent matter of managerial prerogative, and is not a term and condition subject to collective bargaining.

The FOP rejoins that the parties in this matter specifically authorized the Arbitrator to determine whether the City had just cause to discharge Lt. Hayes, and, if not, the appropriate remedy. The FOP further maintains that simply because a provision within a collective bargaining agreement constitutes a managerial prerogative does not preclude an arbitrator hearing a disciplinary grievance from

4

rendering a decision about the meaning of such a provision; nor does it prohibit that arbitrator from deciding an issue concerning the provision.

> This Court has explained:
>
> > In Act 111 cases, our scope of review is limited to "narrow certiorari," which allows inquiry only into: (1) the jurisdiction of the arbitrator; (2) the regularity of the proceedings; (3) whether the arbitrator exceeded his powers; or (4) the deprivation of constitutional rights. [*Pa.*] *State Police v.* [*Pa.*] *State Troopers' Ass*['*n*] *(Betancourt)*, 656 A.2d 83, 90 (Pa. 1995). If an arbitration award cannot be vacated on one of these bases, then it must be upheld. *Id.* **A mere error of law is insufficient to support a court's decision to reverse an Act 111 arbitrator's award**. *Appeal of Upper Providence Police Del*[.] [*Cnty.*] *Lodge #27 Fraternal Order of Police*, 526 A.2d 31[5], 322 (Pa. 1987).

*Borough of State Coll. v. Borough of State Coll. Police Ass'n*, 303 A.3d 248, 255-56 (Pa. Cmwlth. 2023) (emphasis added) (quoting *Uwchlan Twp., Pa. v. Uwchlan Twp. Police Ass'n (Uwchlan Twp.)* (Pa. Cmwlth. No. 259 C.D. 2020, filed Oct. 9, 2020), slip op. at 4).

> > Further, **as long as an arbitrator's award concerns terms and conditions of employment and does not require performance of an illegal act**, **or one that a party could not do voluntarily**, **the "authority" prong of narrow certiorari is "generally met**." *City of Pittsburgh v. Fraternal Order of Police, Fort Pitt Lodge No. 1*, 224 A.3d 702, 712 (Pa. 2020). An argument that an arbitrator misinterpreted a [collective bargaining agreement] is not within the confines of the narrow certiorari review. *Id.* at 713. This Court's scope of review is a "plenary, non-deferential standard where the resolution of the issues turns on a question of law or application of law to undisputed facts." *City of Phila*[.] *v. Fraternal Order of Police Lodge No. 5*, 932 A.2d 274, 279 n.6 (Pa. Cmwlth. 2007).

*Borough of State Coll.*, 303 A.3d at 256 (emphasis added).

Regarding the City's argument that the Arbitrator exceeded his authority by reforming the CBA, the Pennsylvania Supreme Court has held:

> Certainly, an Act 111 grievance arbitrator should not undertake to *equitably* reform a collective bargaining agreement. Absent an indisputably overt instance of reformation, however, we find the task of distinguishing between such an innovation and errors of law in the interpretation to be unmanageable. *Cf.* [*Pa. State Police v. Pa. State Troopers Ass'n (Smith & Johnson)*], . . . 741 A.2d [1248,] 1252-53 [(Pa. 1999)] (refusing to incorporate review for violations of public policy into narrow certiorari, since such a focus "--- however that nebulous concept may be defined by a particular appellate court -- would greatly expand the scope of review . . . undercut[ting] the legislature's intent of preventing protracted litigation in this arena").

*City of Pittsburgh*, 224 A.3d at 714 (emphasis added). "Presently, [this Court] agree[s] with the FOP that the [A]rbitrator's legal reasoning, however flawed, demonstrates sufficient interpretative focus." *Id.* At most, the Arbitrator erred as a matter of law, and "[a] mere error of law is insufficient to support a court's decision to reverse an Act 111 arbitrator's award." *Borough of State Coll.*, 303 A.3d at 255 (quoting *Appeal of Upper Providence*, 526 A.2d at 322).

Relative to the City's claim that the Arbitrator acted outside his authority by ruling on a matter of managerial prerogative, as stated by the Arbitrator: "The parties have stipulated that the issues to be decided are as follows: 1. Did the City have just cause to discharge [Lt. Hayes] . . . ? 2. If not, what shall be the remedy?" Original Record at 62.[2]

> Clearly, the propriety of [Lt. Hayes's discharge] was submitted to the [A]rbitrator . . . . All matters of discipline are grievable pursuant to the parties' CBA. Thus, [this Court] conclude[s] that the [A]rbitrator addressed not only

---

[2] Because the original record pages are not numbered, the page numbers referenced herein reflect electronic pagination.

6

> an issue put before him[,] but one which was arbitrable as well pursuant to the CBA, Act 111[,] and our case[ ]law.

*Pa. State Police v. Pa. State Troopers Ass'n*, 840 A.2d 1059, 1064-65 (Pa. Cmwlth. 2004). Accordingly, the Arbitrator did not exceed his authority.

Next the City argues that even if the Arbitrator did not exceed his authority by reforming the CBA, this Court should modify narrow certiorari review to allow reversal because the Arbitrator's Award failed the JNOV test or the essence test, or was repugnant to public policy. The City concedes that this Court is constrained by Pennsylvania Supreme Court precedent which clearly holds that in Act 111 cases our scope of review is limited to narrow certiorari. *See City of Pittsburgh*; *Town of McCandless v. McCandless Police Officers Ass'n*, 901 A.2d 991 (Pa. 2006); *Betancourt*. However, the City declares that it briefed the question to preserve the issue for our Supreme Court's review, and to seek agreement from this Court that the test should be modified. The FOP agrees that this Court may not modify the narrow certiorari test as it is bound by the long-established Pennsylvania Supreme Court decisions. This Court declines to accept the City's invitation to reevaluate the narrow certiorari review as it is bound by our Supreme Court's precedent. Because the City is only making this argument to preserve it for appeal to the Pennsylvania Supreme Court, this Court need not further address this issue.

For all of the above reasons, the trial court's order is affirmed.

_____
ANNE E. COVEY, Judge

President Judge Cohn Jubelirer dissents.

7

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

City of Philadelphia,      :
     Appellant   :
           :
   v.       :
           :
Fraternal Order of Police,    :  No. 39 C.D. 2023
Lodge No. 5       :

## O R D E R

   AND NOW, this 8th day of January, 2024, the Philadelphia County Common Pleas Court's December 13, 2022 order is affirmed.


          _____
          ANNE E. COVEY, Judge