In the Matter of the Arbitration Between the City of Erie, Pa., and Haas Memorial Lodge, No. 7, Fraternal Order of Police.

City of Erie, Pennsylvania, Appellant.

Argued May 6, 1981, before President Judge CRUMLISH and Judges BLATT and WILLIAMS, JR., sitting as a panel of three.

*Lawrence L. Kinter,* Deputy City Solicitor, with him *Donald J. Rogala,* City Solicitor, for appellant.

*William F. Scarpitti, Jr.,* for appellee.

OPINION BY PRESIDENT JUDGE CRUMLISH, September 16, 1981:

The City of Erie appeals an Erie County Common Pleas Court decision approving an Arbitrator's Award which provides for the implementation of a merit promotion system for the City's Bureau of Police. We reverse.

The award, in part, provided:

7. A new article entitled Promotions, shall be inserted in the Agreement which shall provide: In an effort to professionalize the operations of the Bureau of Police, and to provide more efficient service to the citizens of the City of Erie, all promotions shall be made on a merit basis. The City is hereby mandated to enact ap-

propriate ordinances to establish and to adequately fund a Police Merit Promotion System on or before March 31, 1980.

On appeal, the City contends that this award conflicts with the specific grant of Mayoral authority found in Section 2002 of the Third Class City Code:[1]

The mayor shall designate, from the force, the chief and other officers who shall serve as such officers until their successors are appointed and qualified. The chief of police shall be designated by the mayor and may be demoted without cause in the same manner, but not to any rank lower than the rank which he held at the time of his designation as chief of police.

The court below held that the utilization of a merit promotion system within the police department not only would compatibly operate within the Mayor's Section 2002 authority, but was a proper subject for collective bargaining and hence was within the scope of the arbitrator's authority.

With the City's position that the arbitration award not only contravenes the statutory scope of authority granted to a Board of Arbitrators, but improperly restricts the Third Class City Code's grant of Mayoral discretionary police promotional authority, we agree.[2]

Act 111[3] provides that Erie policemen "have the right to bargain collectively with their public employ-

---

[1] Act of June 23, 1931, P.L. 932, as amended, 53 P.S. §37002.

[2] Our review of an arbitrator's award made in conformity with Act 111, (see note 3, infra), is limited to determining the legality of the award. Fraternal Order of Police, E. B. Jermyn Lodge No. 2 v. City of Scranton, 26 Pa. Commonwealth Ct. 513, 364 A.2d 753 (1976).

[3] Act of June 24, 1968, P.L. 237, as amended, 43 P.S. §217.1, commonly referred to as Act 111, governs the collective bargaining process between political subdivisions and their policemen and firemen.

ers concerning the terms and conditions of their employment, including compensation, hours, working conditions, retirement, pensions and other benefits . . . , '' 43 P.S. §217.1, and consequently can seek binding arbitration when necessary. 43 P.S. §217.4. In *Allegheny County Firefighters, Local 1038, International Association of Firefighters v. Allegheny County,* 7 Pa. Commonwealth Ct. 81, 84, 299 A.2d 60, 61 (1973), this Court held that "all political subdivisions of the Commonwealth are constitutionally and statutorily mandated to put into effect, to the extent possible under their delegated authority, an award of an arbitration panel.'' Although broad in scope, this responsibility must be severely restricted to conflicts over legitimate terms and conditions of employment to avoid the arbitration of any issue "under the guise of a labor conflict.'' *Id.*

In *Tolan v. Hickey,* 43 Pa. Commonwealth Ct. 236, 403 A.2d 131 (1979), we held that an arbitration award restricting the Mayor of Scranton's designation power to selecting a police superintendent from the membership of the department bore no rational relationship to the performance of a policeman's duties and thus was not bargainable. However, in *Sweeny v. Johns,* 33 Pa. Commonwealth Ct. 209, 380 A.2d 504 (1977), we addressed an arbitration award which established formal procedures for the pay and promotion of police officers after service at particular levels for specified periods. Although holding that the award limited the discretionary power of a third class city mayor to demote police officers, we concluded that the award related to the terms and conditions of employment and was not an unreasonable intrusion into the inherent managerial rights of the mayor. However, in this case, the statute involved takes this matter beyond the question of whether a promotion is a term or condition of employment.

In *Cheltenham Township v. Cheltenham Township Police Department,* 11 Pa. Commonwealth Ct. 348, 352-53, 312 A.2d 835, 838 (1973), we sought to limit the definition of bargainable issues and exclude from the scope of the Act "any subject which would require the government employer to perform any duty or to take some action which is specifically or impliedly prohibited by the statutory law governing its affairs. Such subjects are, of course, equally beyond the scope of an arbitration award." Here we are equally bound to conclude that the award's initiation of a merit promotion system for Erie police contravenes statutory law governing municipal affairs.

Third Class City Code Section 2002, 53 P.S. §37002, clearly and explicitly places *no* limitation on the Mayor's appointing and promoting authority by mandating that "[t]he mayor *shall* designate, from the force, the chief and other officers who shall serve as such officers. . . ." (emphasis added). The provision is restrictive in itself, requiring the Mayor to choose his chief and other officers from the force. We will not judicially sanction any proposed restriction, whether arbitrated or otherwise, on the positive requirements set out by our legislature in the Third Class City Code.

Our legislature unmistakably entrusted to its third class city mayors the power to designate their chiefs of police and other officers of the police department without interference or limitation. This dictate of control to the Mayor over promotions connotes a positive statutory requirement, must be classified as mandatory, and is patently inapposite to an arbitration award which mandates that promotions can only be made on the basis of an undefined merit selection system.[4] The award is set aside.

---

[4] We again stress that arbitrators are prohibited from making awards which are excluded from the scope of Act 111 and outside the definition of bagainable issues. *Cheltenham Township, supra.* The

#### ORDER

The Erie County Common Pleas Court order, dated July 7, 1980, is reversed, and Arbitration Award No. 7, executed December 1979 between Haas Memorial Lodge Number 7, Fraternal Order of Police and the City of Erie, Pennsylvania, is set aside.

Date September 16, 1981.

---

promotion of policemen is a matter of management prerogative subject to limitation only by statutory, home rule charter, civil service or merit system constraints.