City of Philadelphia :
:
v. :
:
Fraternal Order of Police, :
Lodge No. 5, : No. 35 C.D. 2017
Appellant : Argued: March 8, 2018


BEFORE:   HONORABLE ROBERT SIMPSON, Judge
          HONORABLE ANNE E. COVEY, Judge
          HONORABLE CHRISTINE FIZZANO CANNON, Judge


OPINION BY
JUDGE COVEY                               FILED: March 26, 2018


The Fraternal Order of Police Lodge No. 5 (FOP) appeals from the Philadelphia County Common Pleas Court's (trial court) December 21, 2016 order granting the City of Philadelphia's (City) Petition to Vacate Arbitration Award (Petition) and vacating Arbitrator James C. Peck Jr.'s (Arbitrator Peck) award (Award) retroactively promoting Lieutenant Jonathan Josey (Lieutenant Josey) from an invalid promotion list.[1]  The FOP presents three issues for this Court's review: (1) whether the issue before Arbitrator Peck was within the terms of the 2014-2017 collective bargaining agreement (CBA); (2) whether the trial court erred by substituting its own judgment for that of Arbitrator Peck; and (3) whether the Award should be affirmed.  After review, we affirm.

---

[1] Former Section 7-401(f) of the City's Home Rule Charter, 351 Pa. Code § 7.7-401(f), provided for the establishment of eligible lists for appointment and promotion.  *See* Reproduced Record at 53a.  Further, pursuant to Section 10.071 of the City's Civil Service Regulations, eligible lists established as the result of non-continuous or periodic examinations shall continue in force for no longer than two years.

## Background

On September 30, 2012, Lieutenant Josey was assigned to police the City's annual Puerto Rican Day Parade's after-party. During the course of this assignment, Lieutenant Josey had an interaction with Aida Guzman (Guzman) that was recorded on a cell phone and subsequently posted to the Internet for public viewing. The video showed Lieutenant Josey swinging his right hand and making contact with Guzman's upper body. Guzman fell to the ground and suffered minor facial injuries. Thereafter, then-City Police Commissioner Charles Ramsey viewed the video and concluded that Lieutenant Josey had used excessive force and violated the City Police Department's (Department) Disciplinary Code by making false entries in official documents related to Guzman's arrest. Following the City's issuance of a Notice of Intention to Dismiss, the City formally terminated Lieutenant Josey's employment on November 1, 2012.

The FOP filed a grievance pursuant to the parties' CBA challenging Lieutenant Josey's employment termination and, on June 24 and 25, 2013, Arbitrator David J. Reilly (Arbitrator Reilly) conducted a hearing. On August 10, 2013, Arbitrator Reilly issued his award, as follows:

> 1. The grievance is granted.
>
> 2. The City did not have just cause to discharge [Lieutenant] Josey, effective November 1, 2012.
>
> 3. The City will promptly restore [Lieutenant] Josey to his former position within the Department as a Lieutenant in the Highway Patrol Unit without loss of seniority. In addition, the City will make him whole for all wages and benefits lost as a consequence of his suspension and subsequent discharge through the date of his reinstatement, less all outside wages and other earnings received by him as to this period. I will retain jurisdiction of this matter to resolve any dispute as to the monies to be paid to him based on this award, including the issue of whether [Lieutenant] Josey satisfied his obligation to mitigate his damages.

2

> 4. The Department will revise [Lieutenant] Josey's personnel record to **delete all references to his November 1, 2012 discharge** to the maximum extent permitted under the governing law.

Reproduced Record (R.R.) at 43a (emphasis added). In accordance with the award, Lieutenant Josey was reinstated without loss of seniority or compensation.

## Facts

In early 2014, Lieutenant Josey took and passed the City's promotional exam for Police Captain and, in June 2014, was ranked 15 out of 57 candidates. In January 2015, the City's Human Resources' Office certified a list of 20 names to the Department to fill 13 Police Captain vacancies. Lieutenant Josey was ranked 15 on the list of 20 names. The 13 vacancies were filled by candidates ranked 1 to 5 and 7 to 14. In February 2015, a list of 17 names was certified to the Department, on which Lieutenant Josey was now the highest-ranking candidate. Lieutenant Josey was interviewed by the Promotional Review Board, consisting of Inspectors Anthony Washington and Joel Dales, and Chief Inspector Christopher J. Flacco (Chief Inspector Flacco). During the interview, Chief Inspector Flacco questioned Lieutenant Josey about the September 30, 2012 incident. While the other two Inspectors recommended Lieutenant Josey for promotion, Chief Inspector Flacco provided a memorandum to City Police Commissioner Ross (Commissioner Ross) in which he did not recommend Lieutenant Josey for promotion because of the September 30, 2012 incident and its detrimental long-term impact on the relationship between the Department and the community it serves, as well as undermining his ability to command. Commissioner Ross elected to bypass Lieutenant Josey and promoted the next candidate on the list.

On February 25, 2016, the FOP filed a grievance on Lieutenant Josey's behalf, challenging the denial of his promotion and, on May 17, 2016, Arbitrator

Peck conducted a hearing. On July 27, 2016, Arbitrator Peck issued the following award:

> 1. The grievance alleging that the [] Department violated the [CBA], by refusing to promote [Lieutenant] Josey to the rank [of] Captain is cognizable under the terms of the [CBA], and is therefore arbitrable.
>
> 2. The City's decision to deny promotion to the rank of Captain to [Lieutenant] Josey, solely and exclusively upon prior discipline which had been expunged from his personnel record, is a violation of [Lieutenant] Josey's rights under the [CBA].
>
> 3. The City is directed to retroactively promote [Lieutenant] Josey to the rank of Captain, as of the date when he would have otherwise have been promoted, but for the discrimination which was visited upon him. Further, the City shall make [Lieutenant] Josey whole for any and all wages and benefits he may have lost as a result of the City's failure to promote him timely.

R.R. at 282a.

On August 26, 2016, the City filed its Petition with the trial court. The FOP filed a response on September 14, 2016, to which the City filed a reply on October 4, 2016, and the FOP filed a sur-reply on October 14, 2016. On November 4, 2016, the trial court heard oral argument and held the matter under advisement. The parties submitted supplemental briefs and, on December 23, 2016, the trial court docketed its order granting the City's request to vacate the arbitration award. The FOP appealed to this Court.

**Discussion**

> Judicial review of an arbitration award arising under what is commonly referred to as Act 111, Act of June 24, 1968, P.L. 237, *as amended,* 43 P.S. §§ 217.1-217.10, is in the nature of narrow *certiorari.* Under this standard, a review in court is limited to questions regarding: (1) the

4

jurisdiction of the arbitrator; (2) the regularity of the proceeding; (3) **an excess of the arbitrator's powers**; and (4) the deprivation of constitutional rights. The standard of review to be applied is two-fold. **A court's review is a plenary, non-deferential standard where the resolution of the issues turns on a question of law or application of law to undisputed facts**. However, where the question depends on fact-finding or upon interpretation of the collective bargaining agreement, the court is bound by the arbitrator's determination even if the arbitrator is wrong.

*Town of McCandless v. McCandless Police Officers Ass'n,* 952 A.2d 1193, 1196 n.6 (Pa. Cmwlth. 2008) (bold emphasis added; citations omitted).[2]

The FOP first argues that the issue before Arbitrator Peck was within the terms of the CBA. Specifically, the FOP contends Lieutenant Josey's promotion denial lacked just cause, thereby making it a disciplinary action fitting squarely within the CBA. The City rejoins that Arbitrator Peck did not find that Commissioner Ross' decision was a form of disciplinary action. Further, the CBA provides that suspensions, demotions and dismissals are the only disciplinary actions that can be grieved and arbitrated. *See* Supplemental Reproduced Record (S.R.R.) at 83b.

Initially, "[a]**n arbitrator exceeds his powers** when he orders an illegal act or **when his award goes beyond the terms and conditions of employment governed by Act 111**." *McCandless,* 952 A.2d at 1196 (emphasis added). "An arbitrator exceeds his jurisdiction when he addresses issues not properly submitted to him in accordance with Section 1 of Act 111, [43 P.S. § 217.1]." *Id.* Section 1 of Act 111 provides, in pertinent part:

---

[2] The FOP makes an in-depth argument with respect to the purpose of Act 111 and "the legislative intent" behind it, including the proposition that an arbitration award is "a legislative mandate." FOP Br. at 22, 24. However, its argument is all part and parcel of the scope of review. Because this Court ultimately determines, as discussed herein, that Arbitrator Peck did not interpret the CBA or make any factual findings with respect thereto, the FOP's assertions in this regard have no direct bearing on the merits of the arguments addressed herein.

5

Police or firemen employed by a political subdivision of the Commonwealth . . . shall . . . have the right to bargain collectively with their public employers concerning the terms and conditions of their employment, including compensation, hours, working conditions, retirement, pensions and other benefits, and shall have the right to an adjustment or settlement of their grievances or disputes in accordance with the terms of this Act.

43 P.S. § 217.1. However, the law is well-settled that "matters which involve inherent managerial prerogatives are not subject to mandatory collective bargaining." *Borough of Ellwood City v. Pa. Labor Relations Bd.,* 998 A.2d 589, 600 (Pa. 2011). This Court has expressly held:

> We again stress that arbitrators are prohibited from making awards which are excluded from the scope of Act 111 and outside the definition of bargainable issues. **The promotion of policemen is a matter of management prerogative** subject to limitation only by statutory, home rule charter, civil service or merit system constraints.

*City of Erie v. Haas Mem'l Lodge No. 7,* 434 A.2d 881, 883 n.4 (Pa. Cmwlth. 1981) (emphasis added; citations omitted).

In the instant matter, by February 25, 2016 letter, the FOP notified the Department's Labor Relations Unit of the alleged grievance: "Member [Lieutenant Josey] Is Being Denied a Promotion To Police Captain Without Just Cause." R.R. at 8a. On March 18, 2016, the FOP submitted a Demand For Arbitration. Arbitrator Peck stated the issues as follows:

> Is the instant Grievance arbitrable under the terms of the [CBA]? If so, did the [City] violate the express terms of the [CBA] by denying [Lieutenant] Josey a promotion to the rank of Captain, without just cause?
>
> If the City is found to have violated the terms of the [CBA], what is the appropriate remedy?

6

R.R. at 273a. Arbitrator Peck, before addressing his analysis and discussion of the grievance, reiterated: "As stated in the introduction of this Award, this case presents two issues, the threshold issue being the arbitrability of a denial of a promotion." R.R. at 279a. Arbitrator Peck admitted:

> This is an issue that comes with a significant history. For more than 20 years, arbitrators have upheld the City's position that **the [Department] has the discretion under the Home Rule Charter to decide which candidates for promotion shall be promoted**. Indeed, this Arbitrator has so ruled in a prior case involving a proposed promotion of Officer James T. Keith to the rank of Sergeant. Thus, it would appear from prior arbitration awards that in most cases, **any review of a non-promotion determination should come through the City's Civil Service Commission**, and not via the grievance-arbitration provisions of the [CBA].

R.R. at 279a (emphasis added). Arbitrator Peck, however, found that Lieutenant Josey's non-promotion fell within an exception to the above-stated law. Specifically, Arbitrator Peck opined: "As the instant matter turns on the City's reliance upon expunged discipline in denying a promotion, **I am persuaded that I have the authority to decide the instant case** under the *Sprowal* exception, and I shall do so." R.R. at 280a (emphasis added). Arbitrator Peck explained that the *Sprowal* exception is based on an award in a prior unrelated arbitration,[3] wherein the arbitrator determined that expunged records cannot be relied upon in deciding future discipline or promotions. Therefore, any reliance thereon violates the CBA. According to Arbitrator Peck, because he believed those to be the facts of what occurred herein, the matter fell within his purview.

First, because the *Sprowal* exception is based on a single-arbitrator decision that the courts have never adopted, it is not binding on this Court. Further,

---

[3] Arbitrator Peck cited the *Sprowal* case as: "AAA 14 390 00969 97." R.R. at 280a n.11.

the *Sprowal* facts are inapposite to the current matter because in *Sprowal* the actual review of expunged records was the basis for denying a promotion. Here, according to the record, Chief Inspector Flacco and Commissioner Ross did not review Lieutenant Josey's expunged records before making their decisions. Rather, Chief Inspector Flacco and Commissioner Ross saw the actual video footage of the incident **at the time** the video went viral. Expunging an incident from an employee's file does not mean the incident never happened and has no lasting repercussions. This fact is especially true here, where the expunged records were "references to [Lieutenant Josey's] November 1, 2012 discharge," not the incident itself. R.R. at 43a. Expunging Lieutenant Josey's *discharge* has no effect on those in the community that witnessed the incident first-hand, or watched the video on the internet. The repercussions therefrom were the basis for Chief Inspector Flacco's recommendation and Commissioner Ross' decision, not Lieutenant Josey's discharge therefor.

Finally, the Arbitrator has no power to decide whether he has the authority to decide a case. Act 111 and the CBA provide the basis for arbitrability. Because promotions are matters of managerial prerogative and therefore excluded under Act 111, and Arbitrator Peck did not refer to any CBA provision giving him the authority to arbitrate the issue, he did not have said power. Accordingly, this Court holds that the issue before Arbitrator Peck was not within the purview of Act 111, nor within the terms of the CBA and, therefore, was not arbitrable.

The FOP next asserts that the trial court erred by substituting its judgment for that of Arbitrator Peck by determining that Arbitrator Peck's application of the *Sprowal* exception was overbroad and impermissibly exceeded his powers.

In *City of Scranton v. Fire Fighters Local Union No. 60,* 20 A.3d 525, 531 (Pa. Cmwlth. 2011), this Court explained:

8

> In *Borough of Ellwood City*, . . . our Supreme Court held that under Act 111, matters involving inherent managerial prerogatives are not subject to mandatory or collective bargaining. In resolving whether a particular topic is an inherent managerial prerogative or a working condition subject to collective bargaining, the proper approach is to inquire whether collective bargaining over the topic would unduly infringe on the public employer's essential managerial responsibilities.
>
> Here, the Arbitrator noted in his initial grievance decision that but for the past practice language in the 1996 CBA, the City's response to automated alarms '*would be deemed a basic prerogative of management.*' Arbitrator's Dec., 8/24/06 at 11 . . . (emphasis added). Given the elimination of protection of past practices, the City's response to automated alarms must be deemed a managerial prerogative not subject to collective bargaining. *Borough of Ellwood City.*

*City of Scranton,* 20 A.3d at 531.

Similarly, in the instant case, Arbitrator Peck essentially held that but for the *Sprowal* exception, "the [Department] has the discretion under the Home Rule Charter to decide which candidates for promotion shall be promoted. . . . [A]ny review of a non-promotion determination should come through the City's Civil Service Commission." R.R. at 279a. Because Arbitrator Peck had no authority to make an exception that was not authorized under either Act 111 or the CBA, and "the promotion of policemen is a matter of management prerogative[,]" *Erie,* 434 A.2d at 883 n.4, this Court concludes that Arbitrator Peck "lacked the authority to sustain the [FOP's] grievance." *City of Scranton,* 20 A.3d at 531. Consequently, the trial court did not substitute its judgment for that of Arbitrator Peck, but rather properly vacated an award wherein the arbitrator exceeded his powers.

Lastly, the FOP contends that the Award should be affirmed because the Award was an improper discipline decision, not a managerial promotion decision. Specifically, the FOP maintains that the improper consideration of expunged

discipline rendered the failure to promote Lieutenant Josey a disciplinary action. The FOP cites *Pennsylvania State Police v. Pennsylvania State Troopers Ass'n*, 840 A.2d 1059 (Pa. Cmwlth. 2004), and *Philadelphia Housing Authority v. Fraternal Order of Housing Police*, 811 A.2d 625 (Pa. Cmwlth. 2002), to support its position. The City rejoins that Arbitrator Peck did not rule that Commissioner Ross' decision was a form of discipline and the Court cannot defer to factual findings that do not exist.

At the outset, *Pennsylvania State Police* and *Philadelphia Housing* are clearly distinguishable from the current case. In *Pennsylvania State Police,* the CBA at issue permitted arbitration with respect to "all matters of discipline." *Id.* at 1061. Thus, in finding a particular officer's transfer was a disciplinary action and thus arbitrable, the arbitrator merely interpreted the words "all matters of discipline." *Id.* The Court held: "In this case it is clear that the arbitrator's determination of arbitrability was based upon both contract interpretation and factual findings, to which this [C]ourt is bound to defer." *Id.* at 1063.

The *Pennsylvania State Police* Court further ruled "[t]hat the transfer was made for disciplinary reasons was plainly a finding of fact. Because we must defer to these findings, we similarly must conclude that the arbitrator did not exceed his authority in arbitrating the grievance." *Id.* at 1063. Here, the CBA provides that the only disciplinary actions that can be grieved/arbitrated are suspensions, demotions, and dismissals. *See* S.R.R. at 83b.[4] Further, Arbitrator Peck made no factual finding that Lieutenant Josey's promotion denial was a disciplinary action. Similarly, with respect to *Philadelphia Housing*, the action being grieved and arbitrated was a police officer's dismissal which is clearly a disciplinary action, but those are not the facts of this case. Accordingly, both cases are inapposite.

---

[4] CBA Article XXI (Grievance and Arbitration Procedure). This Court notes that CBA Article XXII (Miscellaneous Provisions) provides: "Transfers may be part of the formal disciplinary system that is subject to the procedures contained in Article XIX [sic]." S.R.R. at 90b-91b. Article XIX refers to "Disability Program." S.R.R. at 73b.

10

Moreover, a review of Arbitrator Peck's opinion reveals that Arbitrator Peck determined that the City relied upon expunged discipline as the basis for denying Lieutenant Josey's promotion. That finding does not transform the *denial* into a *disciplinary action*. Arbitrator Peck did not find as a fact that the denial of the promotion itself was a disciplinary action. Even assuming he made such a finding, the action is not a suspension, demotion or dismissal, which are the *only* disciplinary actions reviewable under the CBA. Thus, contrary to the FOP's argument, the Award was not an improper discipline decision but, rather, a managerial promotion decision.

The City also argues that the Award cannot be affirmed because Arbitrator Peck exceeded his authority by ordering the City to promote Lieutenant Josey from an expired list. The FOP rejoins that this argument is illogical because any grievance regarding a promotion would not have a remedy if the list is expired by the date of the Award. However, because promotions are managerial prerogatives, they are generally not subject to grievances. Thus, the FOP's rejoinder is without merit.

> Section 7-401(f) of the City's Home Rule Charter provides:
>
> The establishment of eligible lists for appointment and promotion upon which lists shall be placed the names of successful candidates in the order of their relative excellence in the respective examinations, provided that any candidate who shall have maintained a bona fide residence in the City for at least one year prior to the date of the examination shall prevail over any other candidate with the identical score. **Such lists shall continue in force for at least one year from the date of their establishment and thereafter until exhausted or replaced by more recently prepared lists but in no case longer than two years.** All such lists shall be available for public inspection[.]

R.R. at 53a (emphasis added). Further, Section 10.071 of the Civil Service Regulations states, in relevant part: "Eligible lists established as the result of non-continuous or periodic examinations shall continue in force for at least one year from

11

the date that the list is signed and designated as an Established Eligible List until exhausted or replaced but in no case longer than two years." *Id.*

"[B]ecause [Act 111] does not allow an illegal act, a[n arbitrator] exceeds [his] powers if in [his] award [he] mandates that such an act be carried out." *City of Phila. v. Int'l Ass'n of Firefighters, Local 22,* 999 A.2d 555, 565 (Pa. 2010). "[I]t is beyond peradventure that a civil service promotion list cannot be extended beyond two years." *Walls v. City of Phila.,* 646 A.2d 592, 595 (Pa. Cmwlth. 1994). Here, the list on which Lieutenant Josey's name appeared was established on June 2, 2014. Thus, the list expired on June 1, 2016. Since Arbitrator Peck's Award ordering Lieutenant Josey's promotion was dated July 27, 2016, after the list had expired, Arbitrator Peck exceeded his powers by mandating an illegal act. Accordingly, the trial court properly vacated the Award.[5]

For all of the above reasons, the trial court's order is affirmed.

_____
ANNE E. COVEY, Judge

---

[5] "Although the trial court did not rule on this ground, this Court may affirm a trial court's order on grounds other than those on which the trial court based its decision." *Twp. of Salem v. Miller Penn Dev., LLC,* 142 A.3d 912, 917 n.4 (Pa. Cmwlth. 2016).

12

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

City of Philadelphia          :
                           :
              v.          :
                           :
Fraternal Order of Police,  :
Lodge No. 5,            :   No. 35 C.D. 2017
           Appellant   :

## O R D E R

AND NOW, this 26th day of March, 2018, the Philadelphia County Common Pleas Court's December 21, 2016 order is affirmed.

_____
ANNE E. COVEY, Judge