# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Fraternal Order of Police,　　　　　　:
Fort Pitt Lodge No. 1,　　　　　　　　:
　　　　　　　　　　Appellant　　:　No. 221 C.D. 2018
　　　　　　　　　　　　　　　　　:　Argued: February 11, 2019
　　　　　　　　　v.　　　　　　:
　　　　　　　　　　　　　　　　　:
City of Pittsburgh　　　　　　　　　:

BEFORE:　HONORABLE RENÉE COHN JUBELIRER, Judge
　　　　　　HONORABLE ROBERT SIMPSON, Judge
　　　　　　HONORABLE P. KEVIN BROBSON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE SIMPSON　　　　　　　FILED: April 4, 2019

The Fraternal Order of Police, Fort Pitt Lodge No. 1 (FOP) appeals from an order of the Court of Common Pleas of Allegheny County (trial court) denying its petition to vacate an arbitrator's award. The trial court agreed with the arbitrator that David Sisak's (Sisak) grievance, challenging his non-selection for promotion by the City of Pittsburgh (City), was not arbitrable under the Policemen and Firemen Collective Bargaining Act (Act 111).[1] The City argues the arbitrator properly determined that promotion was a managerial prerogative. The FOP contends the arbitrator erred in bifurcating the proceedings and in deciding it lacked jurisdiction, asserting the City did not follow the promotion process under the Policemen's Civil Service Act (Statute).[2] The FOP also alleges the proceedings violated Sisak's due process rights. Upon review, we affirm.

---

[1] Act of June 24, 1968, P.L. 237, as amended, 43 P.S. §§237.1–217.10.

[2] Act of August 10, 1951, P.L. 1189, as amended, 53 P.S. §23535.

# I. Background

Since 2005, Sisak served as a police officer for the City, a city of the second class, and a public employer subject to Act 111. He is a member of the FOP, which is the collective bargaining representative for police officers employed by the City. Pursuant to Act 111, the City and the FOP entered a collective bargaining agreement setting forth terms and conditions of employment and other provisions governing the employment relationship (Agreement).

Relevant here, Section 4 of the Agreement governs promotion, incorporating the process under the Statute. In pertinent part, the Statute provides: "The [Commission] shall maintain a list of those persons qualified for promotion … from which list the [Director] shall make all promotions from among the first four names appearing on the list at the time the promotion is to be made." 53 P.S. §23535.

The Department of Public Safety and Bureau of Police requested a certified list of those eligible for appointment to the position of sergeant. The Police Civil Service Commission (Commission) submitted a certified list that identified Sisak and two other eligible candidates.[3] The Acting Chief of Police (Police Chief) nominated Sisak for the position. Reproduced Record (R.R.) at 215a. The Public Safety Director (Director) recommended Sisak for promotion pursuant to Section 4 of the Agreement. R.R. at 24a. The Director issued a memorandum for the City Mayor's signature, stating: "Please indicate your approval below." Id. The Mayor did not approve Sisak's promotion. Id. The Director then advised the Commission by letter that the City was passing Sisak over for promotion. R.R. at 32a.

---

[3] Initially, the list included a fourth candidate ranked above Sisak on the list. However, after that nominee took another position, Sisak was at the top of the list.

The FOP challenged Sisak's non-selection on his behalf by filing a grievance, citing Sections 3, 4, 17 and 19 of the Agreement. The FOP asserted Section 4 of the Agreement expressly incorporated the Statute, which requires the Director to make the selection, not the Mayor. The grievance alleged "the unilateral, baseless decision of Mayor Peduto violates numerous sections of the [Agreement] and has been implemented without just cause." R.R. at 209a. It also characterized Sisak's non-promotion as "an abuse of Management discretion." Id. (emphasis added).

The grievance was submitted to arbitration. The City challenged arbitrability of the grievance and it requested bifurcation of the proceedings to address that issue first. The arbitrator granted the request over the FOP's objection. As a result, the arbitrator declined to hear evidence on the merits, relying instead on briefs and documents submitted regarding the issue of arbitrability.

Based on the submissions, the arbitrator determined the grievance was "not eligible for arbitration." R.R. at 17a. Nonetheless, he rejected the FOP's contention that "the decision was not made according to the Statute, since the [Director] did not make the decision." R.R. at 18a. He explained: "while there is no testimony about how the decision was made, it is clear that the decision was implemented by the [Director] through the [Police Chief]. The Arbitrator must assume, therefore, that the [Director], as the responsible party[,] implemented the decision after considering all of the input." Id. (emphasis added). The FOP requested reconsideration, which the arbitrator denied.

3

The FOP then filed a petition with the trial court to vacate the arbitrator's decision. After argument and briefing, the trial court upheld the arbitrator's decision and denied the petition to vacate. The FOP filed a notice of appeal with this Court.

Subsequently, the trial court issued an opinion reasoning the arbitrator had the jurisdiction to determine arbitrability. It recognized the question before the arbitrator was the non-selection of Sisak for promotion. The trial court also rejected the FOP's contention that the arbitrator violated Sisak's due process rights, noting an arbitrator is permitted to bifurcate proceedings when jurisdiction is questioned.

After briefing and argument, this matter is ready for disposition.

## II. Discussion

On appeal, the FOP argues that the trial court erred in denying its petition to vacate the arbitrator's award. It contends the grievance was arbitrable, and the arbitrator exceeded his jurisdiction when he bifurcated the proceeding to first determine arbitrability. The FOP maintains the arbitrator's decision implicated the merits, yet the arbitrator held no hearing on the merits. By denying it an opportunity to argue the merits, it contends the arbitrator violated Sisak's due process rights.

The City responds that the non-promotion of an officer is a managerial prerogative. It maintains that both parties had an adequate opportunity to develop the record. In addition, it contends the FOP's due process argument lacks merit because there is no property right in a promotion.

4

Our review of an arbitration award arising under Act 111 is in the nature of narrow *certiorari*. Pa. State Police v. Pa. State Troopers' Ass'n (Betancourt), 656 A.2d 83 (Pa. 1995). Under this standard, we consider only: (1) the jurisdiction of the arbitrator; (2) the regularity of the proceeding; (3) an excess of the arbitrator's powers; and (4) the deprivation of constitutional rights. Id.

In this grievance arbitration appeal,[4] the primary issue is whether the grievance is subject to arbitration. The legal question of an arbitrator's jurisdiction is properly within our review. We also consider whether the arbitrator denied Sisak's constitutional due process rights when he bifurcated the proceedings, determining the jurisdictional question without hearing the merits.

## A. Arbitrability

In determining whether a grievance is arbitrable, this Court exercises dual review. Where the resolution of the issues turns on a question of law, or applying the law to undisputed facts, our "review is a plenary, non-deferential standard." City of Phila. v. Fraternal Order of Police, Lodge No. 5, 181 A.3d 485, 489 (Pa. Cmwlth. 2018) (City of Phila. (2018)). By contrast, "where the question depends on fact-finding or upon interpretation of the collective bargaining agreement, the court is bound by the arbitrator's determination even if the arbitrator is wrong." Id.

---

[4] "'Grievance arbitration' is the arbitration that occurs when the parties disagree as to the interpretation of an existing collective bargaining agreement." City of Phila. v. Int'l Ass'n of Firefighters, Local 22, 999 A.2d 555, 558 n.2 (Pa. 2010) (quoting Town of McCandless v. McCandless Police Officers Ass'n, 901 A.2d 991, 992 n.2 (Pa. 2006)).

In Act 111 matters, the arbitrator determines the preliminary question of arbitrability. Town of McCandless v. McCandless Police Officers Ass'n, 901 A.2d 991 (Pa. 2006). A matter is arbitrable when an arbitrator is capable of awarding the relief sought. City of Phila. (2018) (arbitrator exceeded authority by requiring promotion in award). Exercises of managerial prerogative are not subject to arbitral review. City of Scranton v. Firefighters Local Union No. 60, 20 A.3d 525 (Pa. Cmwlth. 2011).

Ultimate selection of an individual for promotion is not within an arbitrator's jurisdiction. This Court recently emphasized that **"[t]he promotion of policemen is a matter of management prerogative** subject to limitation only by statutory, home rule charter, civil service or merit system constraints." City of Phila. (2018), 181 A.3d at 490 (bold in original) (quoting City of Erie v. Haas Mem'l Lodge No. 7, 434 A.2d 881, 883 n.4 (Pa. Cmwlth. 1981)).

The arbitrator here found the merits involved the selection of a specific officer for promotion. Indeed, the FOP sought the promotion of Sisak as relief. During argument, counsel reiterated the selection of Sisak was the relief sought. This indicates that the grievance challenged the final promotion decision, not the promotion procedure. Although promotion procedures are subject to mandatory bargaining,[5] ultimate selection for promotion is a matter of managerial discretion.[6] Rose of Sharon Lodge v. Pa. Labor Relations Bd., 729 A.2d 1278 (Pa. Cmwlth. 1999).

---

[5] Pa. State Troopers Ass'n v. Pa. Labor Relations Bd., 809 A.2d 422 (Pa. Cmwlth. 2002).

[6] Section 4 of the Agreement, which incorporates the statutory promotion process, also governs management of employees. It provides vacancies shall be filled "in accordance with the needs of the Bureau and the public safety as determined by the Chief of Police, [the Director], and the Mayor." Reproduced Record (R.R.) at 61a.

6

Further, there is no indication that the City bargained away its managerial discretion to select its employees. The only limitation on the City's discretion is the Statute, which governs the promotion process – it does not dictate selection of a certain individual for promotion as the FOP advocates here.

The arbitrator specifically considered and rejected the FOP's contention that the City failed to follow the statutory appointment procedure. See Arbitrator's Dec., 7/1/17, at 2; R.R. at 18a. Given our very constrained review of an arbitrator's fact-finding under narrow *certiorari*, to the extent the arbitrator observed that the Director made the ultimate selection with input by the Mayor, id., this Court is unable to grant the requested relief.[7] City of Phila. (2018).

The arbitrator ultimately concluded the selection for promotion was an exercise of managerial discretion by the City as the "Employer." Because an arbitrator may not award promotion, a grievance requesting promotion of a specific candidate is not arbitrable. City of Phila. (2018). Accordingly, we discern no error by the trial court in determining Sisak's grievance was not eligible for arbitration.

### B. Arbitrator's Authority

Next, this Court considers whether the arbitrator exceeded his authority. Specifically, the FOP contends the arbitrator disregarded that the City surrendered its managerial discretion by incorporating the Statute in Section 4 of the Agreement. We discern no merit in this contention.

---

[7] This Court's resolution of this jurisdictional question does not preclude Sisak from seeking alternate relief from the Commission. See, e.g., Trosky v. Civil Serv. Comm'n, 652 A.2d 813 (Pa. 1995) (addressing relief available to police officers not selected for promotion). Indeed, the arbitrator noted "[t]he remedy … for [Sisak] rest[ed] with [the Commission]." R.R. at 19a.

7

In declining to construe the Statute as a waiver of the City's rights in making a promotion, the arbitrator did not exceed his authority. An arbitrator has the authority to determine matters submitted to him, when such matters are arbitrable. Pa. State Police v. Pa. State Troopers' Ass'n, 54 A.3d 129, 133 (Pa. Cmwlth. 2012).

Here, the parties presented the arbitrator with the initial question of arbitrability. In considering arbitrability, he recognized that the merits involved the selection of a particular individual for promotion. Similarly, the trial court construed the grievance as "whether Sisak was entitled to a promotion he did not receive." R.R. at 245a; Tr. Ct., Slip Op., 4/16/18, at 3. That the arbitrator did not construe Section 4 of the Agreement as binding the City to select Sisak for promotion did not "mandat[e] an illegal act" contrary to the Statute. Appellant's Br. at 17.

The arbitrator's award did not mandate any act, and it did not determine substantive rights; it merely determined the grievance was not arbitrable. The arbitrator's decision as to arbitrability was squarely within his authority. McCandless.

### C. Due Process & Bifurcation

Lastly, we consider the FOP's claims that the arbitrator denied due process when he bifurcated the proceedings and declined to hear the merits. This Court has jurisdiction to consider an arbitrator's alleged due process violations and procedural irregularities under the narrow *certiorari* standard. City of Phila. v. Fraternal Order of Police (FOP) Lodge No. 5, 932 A.2d 274, 275-76 (Pa. Cmwlth. 2007), aff'd, 985 A.2d 1259 (Pa. 2009) (citing Betancourt).

8

As to bifurcation, an arbitrator is permitted to bifurcate proceedings to first determine his jurisdiction. See, e.g., Pa. State Police v. Pa. State Troopers Ass'n (Pa. Cmwlth., No. 1254 C.D. 2008, filed May 15, 2009), 2009 WL 9097070 (unreported) (arbitrator bifurcated the proceedings, first conducting a hearing on arbitrability, and then conducting a separate hearing on the merits).

Moreover, the arbitrator did not violate due process rights in declining to hold a hearing on the merits. It was unnecessary for the arbitrator to develop the record on the merits when he did not decide the merits.[8] Accordingly, this Court discerns no violation of the FOP's or Sisak's due process rights.

### III. Conclusion

For the foregoing reasons, the trial court's order is affirmed.

ROBERT SIMPSON, Judge

---

[8] This Court agrees with the trial court that the merits were not considered by the arbitrator despite language in his decision indicating otherwise. Although the arbitrator purportedly made a finding that "Employer" was within its rights to make [its] selection, R.R. at 18a, he did not hear evidence regarding who made the promotion decision or determine whether the Statute allowed the Mayor to reject the Director's recommendation on Sisak's promotion.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Fraternal Order of Police,            :
Fort Pitt Lodge No. 1,              :
                    Appellant   :    No. 221 C.D. 2018
                            :
              v.          :
                            :
City of Pittsburgh              :

# **O R D E R**

AND NOW, this 4th day of April, 2019, the order of the Court of Common Pleas of Allegheny County is AFFIRMED.

 

                              _____
                               ROBERT SIMPSON, Judge