IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Pennsylvania State Police,  :
    Petitioner  :
        :
   v.     :
        :
Pennsylvania State Troopers  :
Association (PSTA)   :
(Trooper John Bogarowski),  :  No. 6 C.D. 2019
    Respondent  :  Argued:  December 12, 2019


BEFORE: HONORABLE MARY HANNAH LEAVITT, President Judge
    HONORABLE P. KEVIN BROBSON, Judge
    HONORABLE ANNE E. COVEY, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY       FILED:  January 6, 2020


   The Pennsylvania State Police (PSP) petitions this Court for review of the December 7, 2018 Arbitration Award sustaining the Pennsylvania State Troopers Association's (Association) grievance in part by converting Trooper John Bogarowski's (Grievant) dismissal to a reinstatement with a 15-day suspension without pay, and directing back pay and benefits for any additional suspension time already served.  PSP presents one issue for this Court's review: whether the Arbitrator exceeded his jurisdiction and the scope of his powers as limited by Appendix D of the parties' collective bargaining agreement (CBA).  After review, we affirm.

   On December 18, 2016, PSP obtained information regarding an alleged domestic assault that occurred on June 10, 2016, at the home of Grievant and his wife, Courtney Bogarowski (Wife).  *See* Reproduced Record (R.R.) at 501a-502a. PSP obtained a home surveillance video of the June 10, 2016 occurrence.  On March

2, 2018, PSP issued a Disciplinary Action Report (DAR) to Grievant alleging that the home surveillance video depicted a verbal dispute between Grievant and Wife, which escalated into a physical altercation when Grievant pushed Wife and then grabbed her and threw her to the ground. *See* R.R. at 574a. On June 18, 2018, PSP issued a Notification of Disciplinary Penalty to Grievant informing him that his violation of FR 1-1.02, Unbecoming Conduct, FR 1-1.03, Conformance to Laws, and Appendix D of the CBA, Subsection (2), Engaging in Domestic Violence Involving Physical Abuse of any Victim warranted his dismissal from PSP. *See* R.R. at 577a-582a.

Grievant filed a grievance, wherein he alleged that PSP did not have just cause to terminate his employment. Because the matter could not be resolved through the grievance process, the grievance was submitted to arbitration. On September 12, 2018, the Arbitrator held a hearing. On March 6, 2019, the Arbitrator reinstated Grievant and converted his dismissal to a 15-day suspension without pay. PSP appealed to this Court.

At the outset,

> [j]udicial review of an arbitration award arising under what is commonly referred to as Act 111, Act of June 24, 1968, P.L. 237, *as amended*, 43 P.S. §§ 217.1–217.10, is in the nature of narrow *certiorari.* Under this standard, a review in court is limited to questions regarding: (1) the jurisdiction of the arbitrator; (2) the regularity of the proceeding; (3) an excess of the arbitrator's powers; and (4) the deprivation of constitutional rights. The standard of review to be applied is two-fold. A court's review is a plenary, non-deferential standard where the resolution of the issues turns on a question of law or application of law to undisputed facts. However, **where the question depends on fact-finding or upon interpretation of the collective bargaining agreement, the court is bound by the arbitrator's determination even if the arbitrator is wrong**.

2

*City of Phila. v. Fraternal Order of Police, Lodge No.* 5, 181 A.3d 485, 489 (Pa. Cmwlth. 2018) (original emphasis omitted; bold emphasis added) (quoting *Town of McCandless v. McCandless Police Officers Ass'n*, 952 A.2d 1193, 1196 n.6 (Pa. Cmwlth. 2008)) (bold emphasis added; citations omitted).

Here, PSP argues that the Arbitrator exceeded his jurisdiction and the scope of his powers as limited by Appendix D of the CBA by considering mitigating factors to find that Grievant did not engage in domestic violence involving physical abuse of Wife, thus, avoiding the mandatory employment termination and allowing the imposition of a lesser penalty of a 15-day suspension without pay. The Association rejoins that whether Grievant engaged in domestic violence involving physical abuse is a finding of fact, which was within the province of the Arbitrator.

Initially, Appendix D of the CBA provides in relevant part:

Members of [PSP] must be morally and ethically above reproach at all times regardless of duty status. All members shall respect the sanctity of the law and shall be committed to holding themselves to the highest standard of accountability. No member shall depart from standards of professional conduct or disobey the law.

Members should be subject to disciplinary action only for 'just cause.' The following standards shall govern the elements of 'just cause' for the misconduct described below and these standards shall constitute a 'clean slate' relating to the twelve terminable offenses described below in that they shall supersede and replace all prior standards, agreements, past practices, and arbitration awards on the same subjects.

Certain conduct immediately and absolutely threatens the integrity of the [PSP's] public duty and responsibility. **In the following circumstances, the proper level of discipline is termination of employment, notwithstanding any mitigating circumstances**. Such conduct includes, but is not limited to, the following:

. . . .

3

[2] **Engaging in domestic violence involving physical abuse of any victim**; or engaging in activity which would cause a reasonable person to be in fear of bodily injury to the extent the member's conduct falls under subsection [1] above.

R.R. at 674a (emphasis added).

This Court has held:

[A]lthough there is 'no reason in law or logic' to defer to the arbitrator on the question of jurisdiction, there is a 'noted caveat' to this principle. This caveat provides that if resolving the question of jurisdiction '*depended* to some extent upon arbitral fact-finding or a construction of the relevant CBA,' then the Court's review is not plenary.

*Borough of Jenkintown v. Hall*, 930 A.2d 618, 622 (Pa. Cmwlth. 2007) (quoting *Town of McCandless v. McCandless Police Officers Ass'n*, 901 A.2d 991, 1000 (Pa. 2006) (*McCandless II*)). This Court finds the "noted caveat" to be applicable here. *Id.*

Under the heading Opinion and Award, the Arbitrator first opined:

As set forth above, Appendix D provides that certain conduct warrants termination of employment, including '[e]ngaging in domestic violence involving physical abuse of any victim'. As to this charge the Commonwealth has alleged that [] Grievant 'pushed [Wife] and then grabbed her and threw her to the ground. [PSP] relies in large part on video from the home surveillance system to argue that [] Grievant engaged in an act of domestic violence involving the physical abuse of [Wife]. In addition, it is the existence of the video that [PSP] contends has the potential to bring disrepute to [PSP] and thus warranted [] Grievant's discharge.

**Turning first to the video evidence**. There is no question that the behavior of [] Grievant depicted on the video was unacceptable and warranted discipline. As [PSP] stated, there is no such thing as de minimis domestic violence. However, as acknowledged by [PSP's] own witnesses, **it would not be justified to make a determination as to the**

4

**level of criminality or wrong[]doing based exclusively on the video**.

Arbitrator Op. at 26-27 (emphasis added).

The Arbitrator expounded:

This Arbitrator agrees that even without the benefit of the audio, it is clear there was 'aggression on both sides.' There is enough evidence to support [] Grievant's contention that he was distressed about [] [W]ife's location and ability to safely operate a vehicle. Certainly, he would not have placed his children in his car late at night in an attempt to go find her if were [sic] he not concerned. In addition, while it is not possible to tell from the video alone whether [Wife] was intoxicated, [] Grievant testified that she was, and the interaction between the two supports his contention. However, [] Grievant's concerns about [W]ife's whereabouts, level of intoxication, and her actions, did not justify his physical contact.

Arbitrator Op. at 27.

The Arbitrator further explained:

[PSP] has alleged that [] Grievant 'pushed [Wife] and then grabbed her and threw her to the ground.' **Having viewed the video on numerous occasions, this Arbitrator cannot agree with that description**. Lieutenant Cawley, [PSP's] adjudicator in this matter, characterized it as a 'physical domestic dispute', and declined to label it domestic abuse. In addition, this Arbitrator finds it significant that the District Attorney, having viewed the video and interviewed [Wife] on two separate occasions, declined to pursue any criminal charges. Furthermore, after the District Attorney declined to prosecute, [PSP] elected not to make an arrest or charge [] Grievant with harassment, both of which can be done without permission from the District Attorney. Therefore, **it would be difficult for this Arbitrator to label** [] **Grievant's conduct as 'domestic violence involving physical abuse'** when both the adjudicating Lieutenant and District Attorney declined to. Nevertheless, this Arbitrator finds that [] Grievant's conduct on June 10, 2016 constituted Conduct Unbecoming and warranted discipline.

5

Arbitrator Op. at 28 (emphasis added).

Although the Arbitrator never expressly concluded that Grievant did not engage in domestic violence involving physical abuse, it is clear that was his conclusion, as he most certainly "converted [Grievant's dismissal] to a fifteen (15) day suspension[.]" Arbitrator Op. at 30. It is equally clear that said award could not be made without "some extent [of] arbitral fact-finding or a construction of the relevant CBA[.]" *Hall*, 930 A.2d at 622 (quoting *McCandless II*, 952 A.2d. at 1000). Accordingly, this Court holds that the Arbitrator did not exceed his jurisdiction.

> We emphasize that [this] matter[] [is] not, as [PSP] implies, about whether this [C]ourt finds the reinstatement of [Grievant] to be repugnant. Rather, [it] concern[s] the application of existing legislation. If we were to broaden the narrow certiorari scope of review to the extent propounded by [PSP], we would not be interpreting Act 111 but rather would be rewriting it. Clearly, such a legislative function is denied to the judiciary.

*Pa. State Police v. Pa. State Troopers Ass'n*, 741 A.2d 1248, 1253 (Pa. 1999) (footnote omitted).

For all of the above reasons, the Arbitration Award is affirmed.

_____
ANNE E. COVEY, Judge

6

Pennsylvania State Police,     :
          Petitioner     :
               :
         v.     :
               :
Pennsylvania State Troopers     :
Association (PSTA)     :
(Trooper John Bogarowski),     :    No. 6 C.D. 2019
          Respondent     :

## O R D E R

AND NOW, this 6th day of January, 2020, the December 7, 2018 Arbitration Award is affirmed.

_____
ANNE E. COVEY, Judge